**CHAPMAN v. CITY OF HOUSTON et al.**

**No. 10291.**

Court of Civil Appeals of Texas. Galveston.

Dec. 18, 1936.

Rehearing Denied Jan. 14, 1937.

Sewall Myer, of Houston, for appellant.

R. R. Lewis, Geo. D. Neal, W. M. Holland, and Walter E. Boyd, all of Houston, for appellees.

LANE, Justice.

In the year 1926 Miss Enla Atwood and Associates were developing certain properties within the city limits of the City of Houston. Under the charter and ordinances of said city, all new streets established in the city are required to conform with existing streets, grades, etc. The ordinances pleaded by the plaintiff in this suit, and the city charter, place the exclusive control, location, etc., of all streets in the city council and in the city engineering department, and no new street can be opened, located, paved, improved, etc., except with the consent of city council and upon location, establishment, grades, etc., as fixed and determined by the city engineering department, and the person desiring to open or have opened said street must make application to the city engineer for grades, stakes, location, etc. The city engineering department is required to do this work and to charge fees therefor to be paid by the persons desiring to have said streets opened.

The ordinances make it a·penal offense for any person desiring to open a street to fail or refuse to comply with these regulations in opening such streets.

Miss Atwood made such application, so plaintiff alleges, and said work was done by the engineering department as the . ordinances provide, but in doing the work the engineering department made certain errors in locating said streets. Without knowledge of such errors, Miss Atwood paid all fees demanded by the engineering department.

Acting upon the surveys, grades, and locations of such streets so made by the city engineering department, and without knowledge of the incorrectness thereof, these streets were paved and improved with permanent pavement without cost or expense to the city.

After the streets were paved and improved and prior to their final approval by the city, the errors of the engineering department were discovered. Miss Atwood took the matter up with the city council and it was agreed by and between the city council and Miss Atwood that the street pavements should be torn up and relocated according to new grades, stakes, etc., to be set by the city engineering department, and that the city would reimburse Miss Atwood to the extent of $6,300.

Thereafter a motion was unanimously passed by the city council on April 10, 1929, as follows:

"Motion No. 7428.

"Motion by Commissioner House that the request of Miss Enla Atwood for reimbursement for extra work done in the paving of Bonnie Brae Avenue and Norfolk Street, each from Mandell to Dunlavy Street, which paving was necessitated through error of location of Engineering Department, in amount of $6,300.00, be granted and that

the City Attorney be and he is hereby requested to prepare the necessary papers.

"Seconded by Commissioner Halverton and carried.

"All Commissioners voting 'Aye'.

"Passed this 10th day of April, 1929.

"Approved this 10th day of April, 1929.

"O. F. Holcombe,
"Mayor of the City of Houston."

Thereafter, on June 26, 1929, after further investigation by the city council, the then city council unanimously passed the following ordinance:

"An ordinance appropriating the sum of $6,300.00 out of the paving bond fund to compensate Miss Enla Atwood for repaving a portion of Bonnie Brae avenue and Norfolk street, each from Mandell to Dunlavy street, and declaring an emergency.

"Whereas, through error the Engineering Department of the City of Houston, in giving the property lines, locations and grades for the paving of Bonnie Brae Avenue and Norfolk Street, each from Mandell to Dunlavy, did give a wrong location of said streets, and Miss Enla Atwood, the owner of the property abutting thereupon, was afterwards compelled by the establishment of the correct lines by the Engineering Department to remove portions of said pavement, and the City Council did, at that time, upon investigation find that the City Engineer's Department was responsible therefor and agreed to reimburse Miss. Atwood for such additional expenditure, and

"Whereas, the City Controller has certified to the City Council that there is in the hands of the Treasurer in the Paving Bond Fund available for appropriation a sufficient sum to compensate Miss Enla Atwood for said repaving, to-wit: $6,300.00.

"Now, therefore, be it ordained by the city council of the city of Houston:

"Section 1. That there is hereby appropriated out of the Paving Bond Fund the sum of $6,300.00 to compensate Miss Enla Atwood for repaving a portion of Bonnie Brae Avenue and Norfolk Street each from Mandell to Dunlavy, and the Mayor and City Controller are hereby authorized to draw warrant in said amount against said fund to pay and discharge the obligations of the City of Houston chargeable thereto.

"Section 2. There being a public emergency requiring that this ordinance be passed finally on the date of its introduction, and the Mayor having in writing declared the existence of such emergency and requested such passage, this ordinance shall be passed finally on the date of its introduction, this the 26th day of June, 1929, and shall take effect immediately upon its passage and approval by the Mayor.

"Passed this 26th day of June, 1929.

"Approved this 26th day of June, 1929.

"W. E. Monteith,
"Mayor of the City of Houston."

Thereafter, in accordance with such ordinance, the warrant was drawn, but the city controller refused to sign the same.

On the 5th day of January, 1931, Jeff Chapman, for a valuable consideration, purchased from Miss Enla Atwood, by an instrument in writing, all the rights, titles, and interest of Miss Atwood to all of her claims by virtue of the matters hereinbefore stated against the City of Houston.

Jeff Chapman brought this suit against the City of Houston, its mayor, city commissioners, and its comptroller, to recover a judgment for the sum of $6,300, plus interest, such sum being the claim of Miss Atwood which Chapman purchased from her. The suit was filed in the district court of Harris county on the 12th day of August, 1932. After alleging the facts stated in our preliminary statement, the plaintiff, among much other matter covering 53 pages not material here, alleged that he had no knowledge of any fraud or any other claimed defense to the payment of this claim when he purchased it, and no such claim of fraud was made by the City of Houston or any of its representatives until after this suit was filed and until a new and different legal department represented the City of Houston, the prior legal department having advised the comptroller that the claim was a valid and binding obligation of the city of Houston; that he relied on the ordinance passed by the city council and would not have purchased such claim except in full reliance upon such ordinance and the facts therein stated; that at the time he purchased from Miss Atwood her claim against the City of Houston he believed in good faith that the city was indebted to her in the sum of $6,300; that in making such purchase he relied upon the ordinance and its terms; that the city, with full knowledge of all of the matters and facts herein stated, accepted said Norfolk street and the improvements thereon, and has assumed charge and control thereof, and is using and enjoying the same as a public street of said city, and that by reason of such facts the city is now estopped to deny its liability to plaintiff, or

to plead limitation or any other defense; that by reason of the passage and enactment of said ordinance and its nonrepeal prior to the filing of this suit, and by reason of plaintiff's having reasonably relied thereon, the city has estopped itself to deny the truth and accuracy of the statements and facts set forth therein; and that the city has further estopped itself by such ordinance to deny that there was no dispute to the settlement and compromise alleged by plaintiff.

Plaintiff's prayer is for a recovery of the full amount of his damages, and for a writ of mandamus commanding and requiring the defendants and each of them to issue and properly sign a warrant payable to plaintiff out of the funds of the city for the sum of $6,300 with interest thereon from the 26th day of June, 1929, until paid; that

"If it appears upon the trial of this cause that funds belonging to the City of Houston are not available and subject to payment of any judgment rendered in plaintiff's favor in this cause against the City of Houston, then that Writs of Mandamus issue, requiring and commanding the defendants to levy taxes and take such other steps as may be necessary to provide funds for the payment of any judgment entered in this cause in plaintiff's favor and against the City of Houston.

"Plaintiff further prays for any and all other and further relief, both general and special, to which he may be entitled at law and in equity as in duty bound will ever pray."

Defendants answered by general demurrer, a plea of limitation of two and four years, in that: (1) Miss Atwood's damage accrued on January 1, 1927, and the city council did not pass the motion and the ordinance in question until more than two years from the date of the accrual of such claim; (2) that Chapman, the purchaser of such claim and the plaintiff in this suit, brought his suit to recover upon the claim on the 12th day of August, 1932, which claim accrued to Miss Atwood on January 1, 1927, more than two and more than four years before the suit was filed.

Answering further, defendants aver that the act of the City Council in passing said motion of April 10, 1929, was in violation of the charter provisions of the City of Houston, and therefore void; and that the attempted ratification of such motion by the ordinance in question could not estop the city from denying its liability under the motion and ordinance; that since the city comptroller did not countersign the ordinance and refused to recognize it, it cannot be construed as a contract of compromise and settlement which would be binding on the city; that the plaintiff having sued the defendants in their official capacity only, said defendants are not before the court in their individual or personal capacities, and therefore no writ of mandamus could be issued by the court against defendants compelling them to perform an official act, as prayed for by the plaintiff; that the passage of the motion and ordinance after plaintiff's cause of action was barred by the statute of limitations, was without consideration and in violation of the provisions of the State Constitution prohibiting a municipality from granting gifts and gratuities, wherefore such motion and ordinance were illegally passed and are void.

A jury was chosen to try the cause, and the only evidence adduced was, first, certified copies of the motion and ordinance mentioned; second, the assignment by Miss Atwood of her claim to the plaintiff, Jeff Chapman; and, third, the testimony of plaintiff, Jeff Chapman.

At the conclusion of the evidence, the court, upon motion of the defendants, instructed the jury to return its verdict for defendants. The jury returned the verdict as instructed, and upon the same judgment was rendered for the defendants.

Appellant contends that this court should reverse the judgment of the trial court and here render judgment for him for the sum sued for. As a basis for such contentions, he presents that the uncontradicted evidence shows a legal and binding obligation upon the city to pay appellant, as assignee of Miss Atwood, the sum of $6,300, with interest thereon; that the ordinance of June 26, 1929, as well as the motion of April, 10, 1929, clearly state the existence of certain facts which show the liability of the city for the sum sued for, which ordinance and motion constituted the basis for the settlement of the claim sued on; that a claim, though barred by the statute of limitation, is revived by an acknowledgment thereafter of the justness of the claim by the debtor, and that the ordinance of June 26, 1929, constitutes and is a legal and binding ratification by the city of a prior compromise and settlement of Enla Atwood's claim against the city and obligates the city to pay to appellee, as the assignee of Enla Atwood, the sum of $6,300, with interest. Where-

fore, it is conclusively shown that the plaintiff's claim was not barred by the statute of limitation pleaded by appellees.

From the presentments so made, appellant contends that the court erred in instructing a verdict for appellees, and in not rendering judgment for appellant.

■ We sustain appellant's contentions. We have in our preliminary statement set out the motion and ordinance involved in this suit and have also stated therein the facts leading up to the passage of the motion and ordinance, and from those uncontradicted facts we conclude that a legal and binding obligation was created in favor of Miss Atwood against the City of Houston, and that though more than two years elapsed from the accrual of such claim and the acknowledgment thereof as a just claim against the city, by the aforesaid motion and ordinance, it was not barred by the statute of limitation pleaded by appellees at the time the suit was filed, such acknowledgment being a revival of the claim' and a promise to pay the same.

■ The undisputed evidence shows that the claim was sold by Miss Atwood to Jeff Chapman for a valuable consideration on the 5th day of January, 1931, and that Chapman at the time he made such purchase had no doubt of the validity of the claim as a legal liability of the city. He only knew what was disclosed by the aforesaid motion and ordinance. He did not at such time have any information that anyone was asserting that the claim was not a legal liability of the city. Chapman, while testifying as a witness in his own behalf, was asked by his counsel if he did not have a discussion of the validity of the claim as a legal liability of the city with Mr. Neathery, city attorney, and Mr. Orem, assistant city attorney, in connection with his investigation at the city hall, and replied that he had a conversation with Mr. Orem about the matter and that Mr. Orem showed him an opinion that he had written to Mr. Giles (comptroller) wherein it was stated that the claim was a liquidated demand and that the city would have to pay it. Mr. Chapman repeatedly testified that at the time he purchased the claim he had no intimation that the city or its comptroller denied its liability for the payment of such claim, and his testimony is in no manner contradicted.

There was no issue of fact raised by the evidence to be submitted for the determination of the jury. The only question to be decided by the trial court, and by this court, is one of law, and after a very careful examination of the evidence we have reached the conclusion that the law is clearly with appellant, and that the trial court erred in instructing a verdict for defendants and in not instructing a verdict for the plaintiff. In support of our conclusions, we cite City of Corpus Christi v. Johnson (Tex.Civ. App.) 54 S.W.(2d) 865, and authorities therein cited.

Having reached the conclusions above expressed, it becomes our duty to reverse the judgment of the trial court and to here render judgment for the appellant against the City of Houston for the sum of $6,300, together with interest thereon at the rate of 6 per cent. per annum from the 26th day of June, 1929, until paid, and requiring the proper officers of the city to issue a warrant payable to appellant for the sum herein adjudged to him, and it is accordingly so ordered.

Reversed and rendered.