CITY OF HOUSTON ET AL V. JEFF CHAPMAN.

No. 7238. Decided January 18, 1939.
Rehearing overruled February 15, 1939.
(123 S. W., 2d Series, 652.)

444

R. R. Lewis, Wm. M. Holland, Walter E. Boyd, Geo. W. Eddy, and Geo. D. Neal, all of Houston, for plaintiff in error.

Where plaintiff based his suit upon a claim arising from alleged damages caused by the repaving of a certain street, and where, after said claim has become barred by the statute of limitation, the city council passed a motion and ordinance recognizing the claim, the cause of action being founded on a tort, and not on a contract, was not revived nor the bar of limitations removed by the actions of the said council. 37 C. J. 1096; 28 Tex. Jur., 250; Luther & Morgan v. Payne, 197 Ky. 359, 247 S. W. 39.

Sewall Myer, of Houston, for defendant in error.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

This suit was instituted by Jeff Chapman against the City of Houston, its Mayor, Commissioners and Controller, in their official capacities, upon a claim against the City alleged to have accrued in favor of Miss Enla V. Atwood and assigned by her to him. The facts are pleaded at great length, but for the purpose of this opinion they may be summarized as follows:

In the years 1925 to 1928, inclusive, Miss Atwood and associates were developing certain real estate situated within the corporate limits of the City, improving and sub-dividing the same into lots and blocks and paving the streets to be laid out through same. Under the charter and ordinances of the City all new streets established therein were required to conform to existing streets, grades, etc. The charter placed the location and control of all streets in its Engineering Department and provided that no new streets might be opened or improved without the consent of the City Council and upon the locations fixed by the Engineering Department. It was alleged that Miss Atwood made application to the City Engineer to have the grades, location, etc. fixed for the streets which she

and her associates proposed to open and improve. Further allegations were to the effect that an error was made by the Engineering Department in locating one of the streets in order to correct which it became necessary to tear up and remove said pavement, curbs, gutters, etc. and to repave and reconstruct such improvements so as to conform to the city ordinances and to the other streets and avenues of the city; that it was agreed by the City that settlement should be made of the damages occasioned by the error of the City Engineering Department; and that the City would compensate Miss Atwood and her associates for the extra expenses of removing the pavement and repaving that street. It was alleged that in reliance upon such agreement Miss Atwood and her associates, during the year 1926, did remove the pavement theretofore laid on such street and repave same to conform with the existing streets; that the expense incurred in so doing amounted to $6,977.43; and that she later purchased from her associates all of their interest in the business theretofore conducted by them, including the claim against the City.

It was further alleged that on the 10th day of April, 1929, the City Council passed the following motion:

"MOTION NO. 7428
"Motion by Commissioner House that the request of Miss Enla Atwood for reinbursement for extra work done in the paving of Bonnie Brae Avenue and Norfolk Street, each from Mandell to Dunlavy Street which paving was necessitated through error of location of Engineering Department, in amount of $6,300.00, be granted and that the City Attorney be and he is hereby requested to prepare the necessary papers.
"Seconded by Commissioner Halverton and carried.
"All Commissioners voting 'Aye.'
"Passed this 10th day of April, 1929.
"Approved this 10th day of April, 1929.
"O. F. Holcombe.
"Mayor of the City of Houston."

And thereafter in conformity with a prior agreement of settlement the City Council duly passed the following ordinance:

" 'AN ORDINANCE APPROPRIATING THE SUM OF $6300.00 OUT OF THE PAVING BOND FUND TO COMPENSATE MISS ENLA ATWOOD FOR REPAVING A PORTION OF BONNIE BRAE AVENUE AND NORFOLK STREET, EACH FROM MANDELL TO DUNLAVY STREET, AND DECLARING AN EMERGENCY.'
"WHEREAS, through error the Engineering Department of

the City of Houston, in giving the property lines, locations and grades for the paving of Bonnie Brae Avenue and Norfolk Street each from Mandell to Dunlavy, did give a wrong location of said streets, and Miss Enla Atwood, the owner of the property abutting thereupon was afterwards compelled by the establishment of the correct lines by the Engineering Department to remove portions of said pavement and the City Council did, at that time, upon investigation find that the City Engineer's Department was responsible therefor and agreed to reimburse Miss Atwood for such additional expenditure, and

"WHEREAS, the City Controller has certified to the City Council that there is in the hands of the Treasurer in the Paving Bond Fund available for appropriation a sufficient sum to compensate Miss Enla Atwood for said repaving, to-wit: $6300.00.

"NOW, THEREFORE, BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF HOUSTON:

"Section 1. That there is hereby appropriated out of the Paving Bond Fund the sum of $6300.00 to compensate Miss Enla Atwood for repaving a portion of Bonnie Brae' Avenue and Norfolk Street each from Mandell to Dunlavy, and the Mayor and City Controller are hereby authorized to draw warrant in said amount against said fund to pay and discharge the obligations of the City of Houston chargeable thereto.

"Section 2. There being a public emergency requiring introduction, and the Mayor having in writing declared the existence of such emergency and requested such passage, this ordinance shall be passed finally on the date of its introduction, this the 26th day of June, 1929, and shall take effect immediately upon its passage and approval by the Mayor.

"Passed this the 26th day of June, 1929.

"Approved this 26th day of June, 1929.

" W. E. MONTEITH<br>"Mayor of the City of Houston."

1. A further allegation was that, after the passage of the ordinance and in conformity therewith, a warrant of the City for $6300.00 was drawn in due and legal form which was presented to the Controller for his signature, but that he has failed and refused to sign the same. While no positive allegation is made of the denial by the City of liability, we interpret the pleading as alleging that fact by inference or intendment.

Various defenses were pleaded by the City, but for the reason made apparent hereafter, it is unnecessary to summarize its answer or discuss its alleged defenses.

Upon the trial of the case the plaintiff introduced in evidence the motion and ordinance above copied and, as a witness in his own behalf, he testified that he had purchased the claim from Miss Atwood without knowledge or notice of any defense thereto. A written assignment of the claim from Miss Atwood to him dated January 5, 1931, was admitted in evidence. At the conclusion of his testimony the motion of the City for peremptory instruction was granted and no further evidence was offered. Upon the verdict returned pursuant to the peremptory instruction judgment was rendered that Chapman take nothing. That judgment was reversed by the Court of Civil Appeals and judgment rendered in his favor against the City. 101 S. W. (2d) 348.

We have concluded that the case must be retried and shall not therefore enter into a discussion of the applicable rules of law upon supposable facts. We do not know the facts upon which the suit is based and cannot, therefore, decide the law applicable thereto.

■ The Court of Civil Appeals correctly held that the trial court erred in peremptorily instructing a verdict in favor of the City. The evidence must be construed in the light most favorable to the party against whom the peremptory instruction was given. The ordinance with its recitals of fact might properly be construed as an audit by the governing body of the City of a claim based upon a valid and subsisting contract, rather than a mere acknowledgment of liability for a tort. Without further evidence it cannot be determined whether the claim was barred by limitation. That being a defensive plea, the burden was upon the City to establish it. We indulge the presumption that the officials acted lawfully within their powers, and that the ordinance establishes prima facie a validly existing contractual liability not barred by limitation.

■ The Court of Civil Appeals rendered judgment in favor of Chapman against the City. As we interpret its opinion, judgment was rendered upon the theory that Chapman was an innocent purchaser of the claim. That doctrine has no application to a claim against a City. Chapman's rights rise no higher than those of his assignor.

In Tompkins v. Williams (Com. App.) 62 S. W. (2d) 70, it was held that an order by a City Council similar to the ordinance here involved for the payment of a claim for personal injuries was not a final judicial act. In a suit of this nature evidence is admissible to establish its invalidity. The City

has pleaded defenses to this cause of action which, if supported by the evidence, would avoid the ordinance and defeat the claim. Since the trial court was of the opinion that the plaintiff made no case and peremptorily instructed the verdict against him at the conclusion of his own testimony, it became unnecessary for the City to offer any evidence on its defenses. The case has not been developed and should have been remanded to the trial court for another trial.

It is accordingly ordered that the judgments of the trial court and Court of Civil Appeals both be reversed and the cause remanded.

Opinion adopted by the Supreme Court January 18, 1939.

Rehearing overruled February 15, 1939.