CITY OF HOUSTON et al. v. CHAPMAN.
No. 11069.

Court of Civil Appeals of Texas. Galveston.
Nov. 14, 1940.

Rehearing Denied Dec. 12, 1940.

Will Sears and Spurgeon E. Bell, Asst. City Attys., both of Houston, for appellants.

Sam Neathery, Williams, Lee, Sears & Kennerly, and Fred W. Moore, all of Houston, for appellee.

CODY, Justice.

This is the second appeal of this cause.

On the former appeal it was made to appear that when the plaintiff below, Chapman, had rested, the Court, upon a motion which was made by. defendants before they had introduced any evidence in support of the defense which they had pled, granted them an instructed verdict, and rendered judgment for defendants; upon appeal the Court of Civil Appeals, finding that plaintiff had made out a prima facie case, reversed the judgment of the trial court, but, instead of remanding the cause for a new trial to afford defendants an opportunity to prove their pled defense, rendered judgment in favor of plaintiff (i. e., appellant on said appeal), and against defendants. 101 S.W.2d 348. The Supreme Court, acting through the Commission of Appeals, reversed so much of the judgment of the Court of Civil Appeals as rendered judgment for plaintiff, and remanded the cause for a new trial to afford defendants an opportunity to prove their pled defense. 132 Tex. 443, 123 S. W.2d 652.

Upon the new trial the parties filed new pleadings. These pleadings are very extended. Plaintiff below who is appellee this time; pled in substance, so far as is material, as follows: That on June 26, 1929, a Miss Enla Atwood, a feme sole, had a claim and account against the City of Houston for more than $6,300; and on said date the city, acting through its then Mayor and Council, recognized and confirmed said account and claim, and agreed to pay her in settlement thereof (which claim and account had been duly presented) the sum of $6,300, which agreement is evidenced by the following ordinance, which was duly enacted:

"Now, therefore, be it ordained by the City Council of the City of Houston:

"Section 1. That there is hereby appropriated out of the Paving Bond Fund the sum of $6300.00 to compensate Miss Enla Atwood for repaving a portion of Bonnie Brae Avenue and Norfolk Street, each from Mandell to Dunlavy, and the Mayor and City Controller are hereby authorized to draw warrant in said amount against said fund to pay and discharge the obligations of the City of Houston chargeable thereto.

"Section 2. There being a public emergency requiring that this ordinance be passed finally on the date of its introduction, and the Mayor having in writing declared the existence of such emergency and requested such passage, this ordinance shall be passed finally on the date of its introduction, this the 26th day of June, 1929, and shall take effect immediately upon its passage and approval by the Mayor.

"Passed this 26th day of June, 1929.

"Approved this 26th day of June, 1929.

"W. E. Monteith
"Mayor of the City of Houston."

Appellee pled that he had acquired the rights of Miss Atwood in the claim and under the agreement for a valuable consideration. He further pled the origin and history of such claim and its presentation for allowance to the Mayor and Council in 1926, in great detail.

Appellee pled that Miss Atwood filed data with the City which supported said claim and that the City duly considered said claim, and accepted it as duly filed; and that she was assured as late as November 13, 1928, by letter of an Assistant City Attorney, written at the instance of the then Mayor, that there was no need to fret about the time that might elapse while her claim was being investigated, as no attempt would be made to plead limitation against said claim. It was alleged that Miss Atwood had acquired the rights of her associates in the claim, and had assigned the entire claim to appellee (i. e., plaintiff). The claim, as appears from the ordinance, was for damages which it was claimed were caused by the Engineering Department of the City mislocating a street and for the cost of paving such street as so mislocated.

In addition to a general demurrer, a general denial, and the two and four year statutes of limitation, the appellants (defendants) pled that the damages caused Miss Atwood and her associates resulting from the error in paving what was not the true location of the street, were not caused by the Engineering Department of the city, but by the error of N. B. Davidson, who was an employee of said Department; but that in making the location and staking the line complained of he was in the private and personal employment of Miss Atwood and associates, and did said work

after office hours, and was paid $75 individually for his services, and that the city received no remuneration for said services. That the claim that Davidson did stake out the lines in the capacity of a city employee was falsely and fraudulently made. That the ordinance sued on was void because Miss Atwood did not, within 90 days from the date of the alleged injury, give notice of her claim for damages to the Mayor and City Council as required by Art. IX, Sec. 11, of the Charter of the City of Houston. That the ordinance is void because it is an attempt to divert a portion of the bond fund to another purpose than that for which it was voted. That, in August, 1932, the City duly repealed said ordinance, etc.

Both parties moved for an instructed verdict, which motions the court refused. The case was submitted to the jury upon a single special issue, which is as follows:

"Special Issue No. 1. Do you find from a preponderance of the evidence, that at the time N. B. Davidson performed the engineering work of staking the lines and grades for the original paving of Norfolk Street, he was acting under an agreement with Enla Atwood to do such work for pay to him in his individual capacity?"

"Answer 'He was' or 'He was not'."

To which the jury answered: "He was not".

Thereafter the defendants duly moved for judgment notwithstanding the verdict, which was refused; and perfected their appeal.

Appellants urge as grounds for reversal:

1. That the undisputed evidence shows that on June 26, 1929 (the date of the ordinance sued on), Miss Atwood, appellee's assignor, did not have a claim based on a valid subsisting contract, but at most possessed a mere action for a tort liability of the City; and that at the date the ordinance was passed the action was barred by limitation and that no admission of liability made after the claim had been barred can serve to revive it.

2. That when a tort action has been barred, it cannot be revived by an acknowledgment in writing and promise to pay, since Art. 5539, R.S.1925, relating to such acknowledgments and promises to pay, applies only to debts arising out of contract.

3 and 4. That the governing body of the City had no power to waive the bar of the statute of limitation.

5. That the Paving Bond Fund out of which the appropriation was made, was a special fund, and could not be diverted to the payment of this claim.

6 and 7. That the jury's finding was without support in the evidence; and that the special issue submitted to the jury a question of law which the court should have determined.

8 and 9. That the ordinance of August, 1932, destroyed and repealed the ordinance sued on; and the court should not have excluded the ordinance of August, 1932, from the evidence.

10. That the court erred in not admitting in evidence the sworn pleading of Miss Atwood which was filed in another suit to the effect that the damages were caused by the paving contractor (not the Engineering Department of the City of Houston).

11. That the court erred to the prejudice of appellants in admitting the letter of November 13, 1928, assuring Miss Atwood that the statute of limitations would not be pled against her claim.

The first four grounds of appellants for reversal, which we have enumerated hereinabove, do not apply in this case. It was held by the Supreme Court [132 Tex. 443, 123 S.W.2d 654], through the Commission, on the former appeal: "The ordinance [of June 26, 1929] with its recitals of fact might properly be construed as an audit by the governing body of the City of a claim based upon a valid and subsisting contract, rather than a mere acknowledgment of liability for a tort. Without further evidence it cannot be determined whether the claim was barred by limitation. That being a defensive plea, the burden was upon the City to establish it. We indulge the presumption that the officials acted lawfully within their powers, and that the ordinance establishes prima facie a validly existing contractual liability not barred by limitation."

Now a claim for damages against a municipality for damages such as sued for here cannot be sued on at all unless notice thereof is first given to the governing body in accordance with the requirements of the Charter of the municipality involved, or unless such notice be waived.

Appellants pled Section 11 of Article IX of the Charter of the City of Houston in bar of appellee's suit, by way of defense, the provisions of which are as follows: "Sec. 11. Notice of Claim for Damages.— Before the City of Houston shall be liable for damages for personal injuries of any kind, or for injuries to or destruction of property of any kind, the person injured, or the owner of the property injured or destroyed, or some one in his behalf, shall give the Mayor and City Council notice in writing of such injury or destruction, duly verified, within 90 days after the same has been sustained, stating in such written notice, when where and how the injury or destruction occurred, and the apparent extent thereof, the amount of damage sustained, the amount for which claimant will settle, the actual residence of the claimant by street and number at the date the claim is presented, and the actual residence of such claimant for six months immediately preceding the occurrence of such injuries or destruction, and the name and addresses of the witnesses upon whom he relies to establish his claim, and a failure to so notify the Mayor and City Council within the time and manner specified herein shall exonerate, excuse and exempt the city from any liability whatsoever, provided that nothing here shall be construed to effect or repeal Section 12 of Article IX of this Charter. (As amended, 1913)."

The requirements just quoted from the charter are requirements made as a condition precedent to suit on a claim for damages that said claim be submitted to "an audit by the governing body of the city" of said claim. And it was held in Williams v. Tompkins, Tex.Civ.App., 42 S.W.2d 106, 110 (reversed on other grounds, Tex.Com.App., 62 S.W.2d 70): " * * * to audit is to hear, determine, and in its proper sense includes the adjustment or allowance, disallowance or rejection of a claim * * *. In City of Syracuse v. Roscoe, supra [66 Misc. 317, 123 N.Y.S. 403, 408], it was held: 'The meaning of the phrase "to audit," when applied to claims against towns, cities, or counties, means to hear, to examine an account, and, in its broader sense includes its adjustment or allowance, disallowance, or rejection; and the verb "audit," as so used, means simply to examine, to adjust, and clearly implies the exercise of judicial discretion.' "

■ The purpose of requiring notice to a municipality of a claim, and an op-portunity to "audit" it, is for the protection of the municipality, to prevent the bringing of actions on fictitious claims; City of Fort Worth v. Shero, 16 Tex.Civ. App. 487, 41 S.W. 704, 706. " 'Such requirements are enacted in furtherance of the public policy, and their object and purpose is to protect the municipality from the expense of needless litigation, and give it the opportunity for investigation, and allow it to adjust differences and settle claims without suit.' " Cawthorn v. City of Houston, Tex.Com.App., 231 S.W. 701, 703. And certainly the requirement that such notice be given to the city is a requirement that the city shall have a reasonable time within which to have the claim investigated. In this case the City of Houston was shown to be continuing its investigation in November, 1928. It was held in Williams v. Tompkins, supra, 42 S.W.2d at page 113, that: "On the filing of appellant's claim, the running of the statute of limitation ceased, and was held in abeyance until payment under the audit thereof was finally refused by the passing of the order by the new administration of date July 12, 1929 * * *." Since a city has the power to require a claimant to submit his claim for "audit", it certainly has no right to hold the same under consideration for a long period, and count the time so consumed as against the claimant when the claimant has no right to file suit before such audit. The holding of the Tompkins case, just referred to, is correct in principle. In any case, the burden was on appellants to prove their allegations as to limitation which contradicted the recitals of the ordinance. Such evidence as appellants offered was negative in character, and given by an employee of the City. We do not understand that evidence of this character establishes facts as a matter of law, even if it be not disputed; their negative character makes it impossible to dispute them. Appellants did not request that any issues be submitted on the question of limitation, whereas the passage of the ordinance, and its recitals, are themselves some evidence —enough to make out a prima facie case, as was held by the Supreme Court on the former appeal.

Appellants' assignments to the effect that appellee's rights are barred by the statute of limitation are overruled.

■ We are unable to say from the evidence adduced at the trial that it estab-

lished as a matter of law that the provision in the certificate by the City Controller that there was in the hands of the Treasurer in the Paving Bond Fund available for appropriation a sufficient sum for appropriation was false. The recital does itself constitute prima facie proof of being true, and appellants asked no issue to be submitted thereon.

We have fully considered the assignment that the jury's finding was without any support in the evidence. Appellee has fully detailed the evidence which was adduced which supports the finding. We find that the evidence is sufficient to support the finding.

We have considered the other grounds of a procedural nature urged by appellants as reversible error, and find them without merit. The case was re-tried under directions from the Supreme Court. Appellants have failed to establish the defense which they pled. The judgment of the trial court should be affirmed, and it is so ordered.

Affirmed.

MONTEITH, C. J., not sitting.