## CARTER v. IRVINE.

No. 2304.

Court of Civil Appeals of Texas. Waco.

April 3, 1941.

Rehearing Denied May 15, 1941.

Davis, Jester & Tyson and Richard & A. P. Mays, all of Corsicana, for appellant.

Lovett, Lovett & Ralston, of Corsicana, for appellee.

HALE, Justice.

This suit was instituted by appellant, H. A. Carter, on December 26, 1928, against appellee, B. F. Irvine, to recover the sum of $3,440.85 alleged to be due on a contract of employment. The case has been tried several times. A full statement as to the nature of the suit is set forth in a former opinion of this court, which is reported in 77 S.W.2d 247.

On the present trial, the jury found on three special issues as follows, to-wit:

"Issue No. 1: Do you find from a preponderance of the evidence in this case that plaintiff, H. A. Carter, performed the services required of him under his contract with the defendant, B. F. Irvine dated December 14, 1927? Answer: 'No.' "

"Issue No. 2: Do you find from a preponderance of the evidence in this case that as a result of the efforts of plaintiff, H. A. Carter, or the efforts of persons employed by him, the said H. A. Carter procured a reduction in the income tax of B. F. Irvine, Robert E. Irvine, Charles F. Irvine and Alice Irvine for the years 1923 and 1924? Answer: 'No.' "

"Issue No. 3: Do you find from a preponderance of the evidence that plaintiff, H. A. Carter, was prevented from performing the services required of him under his

contract with defendant, B. F. Irvine, dated December 14, 1927, by the acts or omissions of the defendant, B. F. Irvine, or anyone acting as his agent, or by his authority? Answer: 'No.'"

Based upon the foregoing findings, the trial court again rendered judgment that the plaintiff take nothing, and hence this appeal.

By appropriate assignments, appellant asserts that the trial court should have instructed the jury to return their verdict in his favor. The same contention was made on the former appeal. Although these assignments were not discussed in the prior opinion of this court, they were, in effect, overruled and the judgment was reversed, as shown by the opinion, solely because of the error of the court in permitting counsel for appellee to read in evidence a transcript of the testimony given by one Woodford on a former trial. On the present trial, the witness Woodford again testified in person and with that exception the evidence was substantially the same as it was on the last trial.

▮ In passing upon the asserted right of appellant to an instructed verdict, we must view the evidence and all reasonable inferences to be drawn therefrom in the most favorable light for appellee. Thomas v. Postal Telegraph-Cable Co., Tex.Com.App., 65 S.W.2d 282; City of Houston v. Chapman, 132 Tex. 443, 123 S.W.2d 652. We have carefully reviewed the evidence adduced on the present trial, and regardless of whether this court is or is not bound by its former holding, we are still of the opinion that the evidence was sufficient to tender issues of fact raised by the pleadings as to whether appellant performed any or all of the services required of him under his contract of employment, and therefore these assignments are again overruled.

Appellant complains on this appeal of the action of the trial court in overruling his objections to special issues 1 and 2 in the charge that "the court therein misplaces the burden of proof upon and to the prejudice of plaintiff," and that "the submission of issue No. 1 requires of the jury that it shall construe, interpret and determine the legal effect of the contract." We entertain some doubt as to whether the objections urged and the assignments presented thereon are sufficiently definite and specific to entitle appellant, under the circumstances, to have this court to pass upon the same. However, we have given due consideration to the matters thus complained of and have reached the conclusion that no reversible error is thereby shown.

▮ It will be noted from the statement set forth in the former opinion of this court above referred to, that appellant alleged in his pleadings the terms of his contract of employment and the extent to which he performed the same, and that the amount of the compensation to be paid to him for his services was contingent upon the results obtained by him under the contract. He introduced evidence tending to support the allegations upon which his asserted cause of action was based. The burden undoubtedly rested upon him to establish by competent evidence the existence of facts necessary to support the recovery sought. A showing of performance of the contract to some extent was therefore a component element of the facts essential to any right of recovery. While in some instances a presumption of the performance of a contract may arise in the absence of any proof to the contrary, we do not think, under the pleadings and evidence in this case, that the burden ever shifted upon appellee to show by a preponderance of the evidence that appellant did not perform the contract sued upon either in whole or to the extent alleged by him. Boswell v. Pannell, 107 Tex. 433, 180 S.W. 593; Barnes v. McCarthy, Tex.Civ.App., 132 S.W. 85; Boaz v. Harris, Tex.Civ. App., 30 S.W.2d 810.

▮ We do not agree that the submission of special issue No. 1 required of the jury that it construe, interpret or determine the legal effect of the contract declared upon. But if so, it does not appear that appellant made such objection to special issue No. 2, or that he requested the trial court to submit any appropriate issue or issues as a basis for determining the existence of facts necessary and essential to support the recovery sought, or the amount thereof, and consequently we can not say, under the record before us, that appellant is in a position to complain of the error, if any, of the trial court in overruling the objection urged.

Finding no reversible error in the case, the judgment of the trial court is affirmed.