

# THE ATTORNEY GENERAL
## OF TEXAS

November 29, 1988

JIM MATTOX
ATTORNEY GENERAL

Honorable Lloyd Criss
Chairman
Labor and Employment
    Relations Committee
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No. JM-986

Re:  Duties of the county auditor and the county treasurer in less populated counties  (RQ-1491)

Honorable Mark W. Stiles
Chairman
Committee on County Affairs
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Honorable Marcus D. Taylor
Criminal District Attorney
P. O. Box 689
Quitman, Texas    78783

Gentlemen:

In Attorney General Opinion JM-911 (1988), we were asked to determine which county official in Harris County was responsible for preparing county payroll and printing and distributing county paychecks.  After a lengthy review of the relevant provisions of the Local Government Code and prior opinions of this office, we reached the following conclusions:

>    (1)  In Harris County and counties with a population greater than 190,000, county officers are authorized to issue warrants against the salary fund of the county (or general fund, if there is no salary fund) to pay salaries and draw checks on the county treasurer to pay salaries. Loc. Gov't Code §§ 113.047, 154.043.

>    (2)  In Harris County and counties with a population greater than 500,000, county officers and department heads are required to

> prepare the payroll for their respective offices or departments. Loc. Gov't Code § 151.903.
>
> (3) Both functions _may_ be delegated to the county treasurer.
>
> (4) The county auditor is not authorized to perform either function.

Each of you asks questions concerning the effect of Attorney General Opinion JM-911 on counties with populations less than that of Harris County. Representative Criss asks whether the county auditor may prepare payroll warrants and/or checks in a county with a population _less_ than 190,000. Representative Stiles asks whether the county auditor is the proper county official to compute county payroll deductions and prepare paychecks in a county with a population _greater_ than 190,000, but _less_ than 500,000. Mr. Taylor asks about the general applicability of the opinion to a county with a population of 190,000 or less. Representative Criss also asks a question about the roles of the county treasurer and the county clerk in payroll matters in a county with a population under 190,000. For the purposes of this opinion, we will presume that the office of county treasurer has not been abolished by constitutional amendment.

Your questions are prompted by the concerns of officials in a number of smaller counties regarding the proper division of payroll duties in their counties. Several of these officials are uncertain whether Attorney General Opinion JM-911 requires a redistribution of employees and budgeted funds to accommodate the transfer of such duties to the county treasurer. Other officials have expressed skepticism over the applicability of the opinion to their counties, given the opinion's reliance on statutes with population brackets exceeding the population of their counties. A closer reading of Attorney General Opinion JM-911, however, will reveal that it bears relevance to all counties of the state, particularly as it concerns the duties of the county auditor and county treasurer.

## County payroll preparation and processing

The question of which officer in Harris County is authorized to prepare and distribute payroll was resolved by reference to three sections of the Local Government Code. Section 151.903 requires county officers and department

heads in counties with a population of 500,000 or more to file a sworn payroll at the close of each month under a system prescribed by the county auditor. The section does not designate an office or officer to receive or process the payroll. We did not construe the provision to grant the county auditor any broader authority over payroll than that already possessed by the auditor under section 112.002 of the Local Government Code. Section 112.002 applies to counties with a population of 190,000 or more and authorizes the county auditor to (1) prescribe a system of accounting for the county and (2) adopt and enforce regulations necessary for the speedy and proper collecting, checking, and accounting of county funds.

In counties with populations of less than 190,000, county auditors have only the power to adopt and enforce regulations that are not inconsistent with law or rules adopted by the comptroller of public accounts prescribing the forms for collecting and disbursing county funds and the manner of keeping and accounting of county funds. Loc. Gov't Code §§ 112.001, 112.003. County auditors in these counties, though, are not accorded authority over the county payroll similar to that granted by section 151.903. Thus, our conclusion in Attorney General Opinion JM-911 that the county auditor has no power to process the county payroll is fully applicable to counties with populations less than 500,000.

### County payroll deductions

We also determined in Attorney General Opinion JM-911 that the county auditor is not authorized to make payroll deductions from the compensation of county employees. We concluded that subchapter A of chapter 155 of the Local Government Code did not give the county auditor the power to make payroll deductions, notwithstanding its title -- "CERTAIN DEDUCTIONS MADE BY COUNTY AUDITOR." Nothing in the provisions of subchapter A or its predecessor statute, former article 2372h-4, V.T.C.S., expressly authorizes the county auditor to "make" payroll deductions. At most, these provisions require county employees in counties with populations of 20,000 or more to submit to the county auditor a written request for payroll deductions or written notice of revocation of the request. Loc. Gov't Code § 155.002. In contrast stands section 155.021 of the Local Government Code, which states that

> [t]he county treasurer or, if another officer is specified by law, that other officer shall

> make the deductions from, or take other
> similar actions with regard to, the com-
> pensation of county employees as required
> [by certain enumerated statutes].  (Emphasis
> added.)

This provision concerns deductions other than those author-
ized by subchapter A, but it makes it clear that the county
treasurer, and not the county auditor, is the proper
statutory officer to make the authorized deductions from the
compensation of county employees.

Representative Stiles asks whether the county auditor
may "compute" payroll deductions. The authority to calcu-
late and verify the amount of particular payroll deductions
may be well within the county auditor's duty to oversee and
report on the condition of county finances, see Loc. Gov't
Code §§ 112.006-.007, 114.024-.025, 115.001-.003, but it is
certainly not within that authority to "make" or collect
such deductions. That is, we do not believe it is within
the county auditor's power to take the administrative steps
necessary to order amounts withheld from the compensation of
county employees. Nor do we believe the county auditor is
authorized to take actual or constructive custody of the
deducted amounts and transmit them to the appropriate
authority or entity. See generally Attorney General
Opinions JM-585 (1986); V-711, V-487 (1948). These
functions are, in our opinion, more closely linked to county
treasurer's duties to act as custodian of county funds and
to disburse county funds. See Loc. Gov't Code §§ 113.001,
113.041; Attorney General Opinion WW-1107 (1961). Because
the duties of the county treasurer and county auditor in
this area do not depend on statutes bearing population
limitations, this aspect of Attorney General Opinion JM-911
is applicable to all counties of the state.

## Preparation of salary warrants and paychecks

Attorney General Opinion JM-911 also determined that
the authority to prepare warrants and/or checks in payment
of salaries was granted to county officers rather than to
the county auditor. This conclusion was based on sections
113.047 and 154.043 of the Local Government Code. The first
provision authorizes an officer in a county with a popula-
tion of 190,000 or more to draw checks on the office of
county treasurer to pay salaries and expenses; the second
authorizes a district, county, or precinct officer in a
county with a population greater than 190,000 to issue
warrants against the salary fund of the county to pay

salaries of employees who may be paid from the fund.  It was our opinion that both of these functions could be  delegated to the county treasurer but  not  to the  county  auditor. Several factors  influenced  this conclusion.  We  realized that to permit the county auditor to perform these functions would be  fundamentally  inconsistent  with  the  system  of checks and  balances erected  by  the legislature  to  guard county finances.  It would  compromise the effectiveness  of that system if the auditor  were compelled to perform  functions so  closely connected  to the  disbursement of  county funds.  We  concluded that  the  delegable acts  of  issuing salary warrants and drawing paychecks, though ministerial in nature, should be more appropriately delegated to the county treasurer, given that officer's duties regarding the custody and disbursement of county funds.

We find nothing in  the statutory provisions  affecting counties with populations of 190,000 or less to suggest that the  county  auditor  possesses  any  greater  authority  to prepare warrants and checks for  the payment of salaries  of county  employees.  The  significant  difference  in  these smaller counties  is  that district,  county,  and  precinct officers are not given statutory authority to issue warrants or draw checks to pay salaries.

Attorney General Opinion JM-911 has been criticized  as failing to take into account  the whole range of the  county auditor's responsibilities.  It  is argued  that the  county auditor's duties are comparable to those of a comptroller of a private or public  enterprise, and that payroll  functions are compatible with the  duties of such  an officer.  It  is argued  that  the  word  "audit"  includes  preauditing  and postauditing functions and thus contemplates the involvement of  the  county  auditor  both  before  and  after  financial transactions are completed.

When applied  to  claims  against  cities,  towns,  and counties, the phrase "to audit" means to hear, examine,  and determine a claim.  City of  Houston v. Chapman, 145  S.W.2d 669, 672  (Tex.  Civ.  App.  -  Galveston 1940,  writ  dism'd judgmt cor.).  In its proper sense, the phrase includes  the adjustment or  allowance, disallowance,  or rejection of  a claim.  Id.  "Preaudit" has  been  defined to  include  the examination of invoices,  payrolls, and proposed  reimbursements before payment.  Kohler, A Dictionary for  Accountants 362 (5th ed. 1975).  This term is used to describe the "work done to control the accuracy of the collecting and recording of revenues and the  incurring and recording of  expenditures and disbursements."  E. Lynn & R. Freeman, Fund  Accounting:

Theory and Practice 881 (2d ed. 1983). "Postaudit" means simply to conduct an audit at some point after the occurrence of a transaction. See id.; Kohler, supra at 361 (definition of "postaudit"). None of these commonly used definitions support the claim that a county auditor has the authority to conduct the initial preparation and processing of the county payroll prior to its presentation for approval by the proper authority, to make payroll deductions, or to prepare and distribute county salary warrants or paychecks. If the county auditor has any statutory authority to preaudit the county payroll, it is in pursuit of the county auditor's duty to validate expenditures prior to counter-signing checks or warrants under section 113.043 of the Local Government Code. See Attorney General Opinion JM-192 (1984), and authorities cited therein.

Furthermore, the county auditor's performance of these payroll duties would be fundamentally inconsistent with the county auditor's duty to audit county finances. As we observed in opinion JM-911, sound accounting practices dictate that the county auditor should not be placed in the position of having to audit his own work. The fact that a county's finances may be subject to an independent audit, see Loc. Gov't Code §§ 115.031-.033, 115.041-.045, neither cures this inconsistency nor overcomes the absence of statutory authority delegating payroll responsibilities to the county auditor. In short, the county auditor simply has no statutory power to assume payroll duties and, as the following discussion reveals, the commissioners court has no power to confer such duties on the auditor.

## Delegation of payroll duties

There are no statutory provisions applicable to smaller counties similar to sections 113.047, 151.903, and 154.043. This omission has led Mr. Taylor to ask which officer or officers have the authority to delegate payroll functions in such counties. In Attorney General Opinion JM-192 (1984), we concluded that in a county with less than 190,000 inhabitants the county treasurer was responsible for actually disbursing funds to pay salaries. We also said that the proper authority in the payment of salaries was the commissioners court, pursuant to its duty to "audit and settle all accounts against the county and direct their payment" under section 115.021 of the Local Government Code. The commissioners court accomplishes this duty by examining and approving monthly payroll reports and issuing warrants directing the payment of salaries. We noted that this responsibility could not be delegated to the county auditor.

We adhere to the conclusions of Attorney General Opinion JM-192. We believe the commissioners court's duty under section 115.021 is sufficient in itself to equip the court with the power to approve the county payroll and issue warrants directing the county treasurer to disburse the funds necessary to pay salaries. This does not mean that the commissioners court is responsible for _preparing_ the county payroll, and for that reason this conclusion is not in conflict with Attorney General Opinion JM-911.

In opinion JM-911, we said that while the logic of the constitution weighs in favor of the county treasurer's processing the county payroll, the letter of the constitution gives the legislature the discretion to define the county treasurer's duties. We stated our belief that payroll duties constitute part of the core functions of the office of county treasurer, and but for sections 113.047, 151.903, and 154.043, such functions should be performed by the county treasurer. There are no similar impediments in the laws applicable to counties with populations of less than 190,000. Thus, we think that in these counties the county treasurer must prepare the county payroll and present the payroll to the commissioners court for its approval. It is the duty of the commissioners court to review the payroll and, upon approval of the payroll, order the issuance of warrants to pay salaries.

In opinion JM-192 we said the commissioners court may not delegate its duty to approve the payroll and issue warrants to the county auditor, and we reach the same conclusion with respect to the county treasurer. See also Attorney General Opinion O-5049 (1943). The commissioners court may, however, delegate the task of _preparing_ salary warrants -- _i.e._, the clerical task of writing the warrant or filling in blank spaces -- since this involves only ministerial actions. Attorney General Opinion JM-911 (1988). We believe the county treasurer is the officer to whom this function should be delegated. _Id._ It is also worth noting that opinion JM-192 did not conclude that the commissioners court was authorized to draw checks to pay salaries. That is a function which the county treasurer performs by endorsing the face of a salary warrant with the order to pay the named payee. Loc. Gov't Code § 113.042(a). Only the people through constitutional amendment, and not the commissioners court, may deprive the county treasurer of this essential duty. See _Presidio County v. Walker_, 69 S.W. 97 (Tex. Civ. App. 1902, writ ref'd). Therefore, the commissioners court may not draw checks to pay salaries.

Role of the county clerk and use of salary "certificates"

Representative Criss asks an additional question concerning the role of the county clerk in this process.

> Pursuant to . . . sections 113.041(c) and 155.021 [of the Local Government Code], and where a county population is under 190,000, may the county treasurer prepare and issue individual payroll checks, less authorized deductions, to county employees, provided they are countersigned by the county auditor, if any, and issued in accordance with a certificate prepared and issued by the county clerk, which does not contain words 'order' or 'bearer'; is marked 'Not Negotiable'; and attests therein that certain county employees are entitled to specified compensation allowed and approved by the commissioners' court for a particular county payroll period?

A brief submitted for our consideration of this question urges us to conclude that the method of processing the county payroll proposed in your question is an appropriate manner in which to authorize the county treasurer to prepare and issue paychecks in counties not directly governed by opinion JM-911. The portion of our discussion immediately preceding, however, makes it clear that the county treasurer needs no special authorization or permission from the county clerk to draw paychecks in order to discharge his statutory duties. As we noted earlier, the commissioners court is the proper authority to order the payment of salaries. Attorney General Opinion JM-192 (1984). We therefore need not consider the necessity of the alternative described in your second question.

To summarize, we conclude that in a county with a population under 500,000, the county treasurer, and not the county auditor, is the appropriate officer to prepare the county payroll and make deductions from the compensation of county employees. In a county with a population of 190,000 or less, the commissioners court is responsible for approving the county payroll and issuing warrants in payment of salaries. These duties may not be delegated to either the county auditor or county treasurer. The ministerial task of preparing salary warrants in such a county may be delegated to the county treasurer. The commissioners court may not draw checks in payment of salaries.

## S U M M A R Y

In a county with a population under 500,000, the county treasurer and not the county auditor is the appropriate officer to prepare the county payroll and make deductions from the compensation of county employees. In a county with a population of 190,000 or less, the commissioners court is responsible for approving the county payroll and issuing warrants in payment of salaries. These duties may not be delegated to either the county auditor or county treasurer. The ministerial task of preparing salary warrants in such a county may be delegated to the county treasurer. The commissioners court may not draw checks in payment of salaries.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Steve Aragon
Assistant Attorney General