## LEAL v. LEAL. (No. 1004–5179.)

Commission of Appeals of Texas. Section B.
March 13, 1929.

Drew Pruitt, of San Antonio, for plaintiff in error.

George G. Clifton, of San Antonio, for defendant in error.

. SPEER, J. This suit is an action by plaintiff in error against defendants in error for an accounting and for damages involving real property in the city of San Antonio. A very full statement of the case will be found in the opinion of the Court of Civil Appeals affirming the judgment of the trial court in favor of the defendant in the action. 4 S.W. (2d) 985.

The assignments of error are numerous, but the real questions presented are few.

■ The first assignment of error complains that the Court of Civil Appeals erred in overruling certain propositions because the affirmative answer of the jury to special issue No. 1 is unsupported by the evidence in the respect there is no evidence to show that the defendant ever, at any time, purchased the plaintiff's expectancy in his mother's estate.

The defendant testified: "I bought his (the plaintiff's) interest in his father's estate from A. A. Gray and I bought his expectancy in his mother's estate from him and I paid him for it after the Laredo Street property was sold, by giving him money and the store." There is no objection presented to the character of this evidence, and it is sufficient to authorize the submission of the issue and to support the finding complained of.

■ Next, it is complained that it was error to submit to the jury whether or not the instrument of date February 5, 1918, executed by Emilio Leal to Santos Leal, conveyed the plaintiff's expectancy in his mother's estate, because the "instrument shows, on its face, that it is a quitclaim deed" and does not otherwise embrace such an expectancy.

The instrument contains this language: "* * * do, by these presents, bargain, sell, release and forever quitclaim unto the said Santos Leal and also acknowledge the same was for the 1st and 2nd distribution of the following estate, his heirs and assigns, all my right, title and interest in and to that certain tract or parcel of land lying in the county of Bexar and State of Texas, described as follows, to-wit: (the property in controversy) to have and to hold the said premises, together with all and singular the rights, privileges and appurtenances thereto in any manner belonging unto the said Santos Leal, his heirs and assigns forever. So that neither I, the said Emilio Leal, nor my heirs, nor any person or persons claiming under me shall, at any time hereafter have, claim or demand any right or title to the aforesaid premises or appurtenances or any part thereof."

This language, we think, constitutes the instrument a conveyance of the land rather than a mere chance of title as pointed out in Cook v. Smith, 107 Tex. 119, 174 S. W. 1094, 3 A. L. R. 940, as held by the Court of Civil Appeals. But whether so or not, the jury, in response to question No. 1, found that "prior to the purchase of the Pecos Street property in August, 1915," the defendant had purchased from the plaintiff his expectancy in his mother's estate. So that any possible error in submitting the effect of the instrument of February 5, 1918, is harmless. Already the expectancy is shown to have passed to the defendant in error.

■ It is complained that the trial court erred in refusing to submit the issue whether or not the defendant, Santos, at the instance of the mother of the parties, repurchased the lands in controversy from one A. A. Gray, to whom plaintiff had conveyed the same, with moneys belonging to the mother for the benefit of the plaintiff. There was evidence to justify the submission of such an issue, but in view of other findings the omission is harmless, because, as already shown, in response to question No. 2, the jury have found that Emilio, on February 5, 1918, executed

to Santos a deed or instrument conveying the property. This would relinquish the trust if one existed. The remaining assignments in one form or another complain that the trial court refused to submit the issue whether or not the particular lots in controversy were purchased by defendant with funds from which there would arise a trust in favor of the plaintiff; but, as already shown, this issue was entirely immaterial, in view of the finding of the validity of the defendant's deed of date February 5, 1918, conveying all his right, title, and interest in and to the property to his brother, Santos.

We find no error for which the judgment of the Court of Civil Appeals should be reversed, and accordingly recommend that it be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.