### RAMSEY v. COOK.

#### No. 15143.

Court of Civil Appeals of Texas.
Fort Worth.

June 9, 1950.

Tom M. Miller, of Graham, for appellant.

T. J. Rodgers, of Graham, for appellee.

McDONALD, Chief Justice.

Appellee, plaintiff in the trial court, brought suit against appellant for a balance of $360.46 on a promissory note, plus interest and attorney's fees, and for a balance of $37.80 on a sworn account. Defendant's answer was in part a plea of want of consideration. It was not verified. At the close of plaintiff's testimony the court refused to hear defendant's testimony in support of his plea on the ground that the answer was not verified. Defendant then asked leave to amend his answer by having it sworn to, but the court refused to permit him to amend, and, a jury having been waived, rendered judgment for plaintiff for the amount sued for.

As just stated, the answer was not verified, but plaintiff did not except to the lack of verification. He did, however, object to evidence in support of defendant's plea on the ground that the plea was not sworn to.

Under Rule 93, Texas Rules of Civil Procedure, the defenses set up in defendant's answer were required to be verified. Rule 90 provides that defects in pleadings may be waived by failure to make proper objection; but it is doubtful if Rule 90 applies here because it provides that such defects are waived by the party seeking reversal on account of such defects. Appellant is not seeking a reversal on account of a defect in the pleading of the opposite party. Watson v. Texas State Bank of Jacksonville, Tex.Civ.App., 222 S.W.2d 341.

Beginning with Williams v. Bailes, 9 Tex. 61, the courts have held many times that verification of a plea of want or failure of consideration is waived by failure to object to the lack of verification. In the cited case the trial court excluded evidence in support of the plea of want of consideration on the ground that it was not sworn to. The Supreme Court held that exclusion of such evidence was improper, and reversed on that single ground, where the plaintiff had not by exception pointed out the lack of verification before the trial began. While there are many reported opinions which declare generally that a plea of want or failure of consideration must be verified to be effective, the rule of Williams v. Bailes has been followed in numerous cases and has not been overruled. See Exchange Nat. Bank v. Parsons, Tex.Civ.App., 116 S.W.2d 817, and other cases there cited. For discussions and citations of pertinent cases relating to various phases of the general question of waiver of sworn pleadings, see the case notes in 12 Texas Law Review 369; 25 Texas Law Review 430; and 27 Texas Law Review 564.

In view of the present rule allowing trial amendments, Rule 66, it might be that a trial court could properly refuse to admit evidence in support of an unsworn plea of want or failure of consideration unless the pleader would then verify his pleading,

but in the case before us the defendant sought to amend his plea by swearing to it, which would have been the equivalent of filing a trial amendment. Even if we be in error. in thinking that the rule declared in Williams v. Bailes applies here, we hold under authority of Vermillion v. Haynes, 147 Tex. 359, 215 S.W.2d 605, that it was error for the trial court to refuse defendant leave to amend his plea by swearing to it and then offer proof in support of it.

Reversed and remanded.