**HIGGS et al. v. FARMER et al.**

No. 15195.

Court of Civil Appeals of Texas.
Fort Worth.

Dec. 1, 1950.

Joe H. Cleveland, of Bowie, for appellants.

Freeman & Ward, of Fort Worth, for appellees.

McDONALD, Justice.

The suit, brought by Mrs. K. L. Higgs, a widow, and her children, is to recover a tract of land containing fifty-five acres in Jack County. The testimony shows without dispute that W. F. Higgs, now deceased, who was the husband of the plaintiff Mrs. K. L. Higgs and the father of the other plaintiffs, owned the land in 1930. In September of that year he executed a deed conveying the land to Ward Farmer. In February of 1931 Farmer executed a deed conveying the land to Higgs. The last mentioned deed was never recorded, and was lost at the time of trial, although its existence was proved by evidence coming both from plaintiffs and from defendants.

The defense is based on the theory that Higgs was indebted to Farmer Commission Company, a partnership, in 1930, and executed the deed to Ward Farmer, one of the partners, in satisfaction of the indebtedness; that Ward Farmer re-conveyed the land to Higgs in 1931, retaining a lien to secure the purchase price, which Higgs never paid; that in 1940 Higgs became again or further indebted to the Commission Company, and agreed to and did return the deed to the Commission Company with the intent and for the purpose of vesting title again in Ward Farmer, for the partnership, in satisfaction of Higgs' indebtedness to the Commission Company.

The trial court, without a jury, rendered judgment that plaintiffs take nothing.

We need not go into the proof concerning the existence of the deed from Ward Farmer to Higgs, since the evidence offered by both parties showed that the deed was executed and delivered, and there was no evidence to the contrary.

■ It is elementary law that the loss of a deed does not destroy the title of the grantee, and it is also elemental that the legal title does not re-vest in the grantor either by destruction of the deed or by re-delivery of it to the grantor with the intention that title shall re-vest in the grantor. 16 Am.Jur. 642; 28 Tex.Jur. 390. It is settled, however, that the grantee may be estopped from asserting title under the deed where he has destroyed it or redelivered it to the grantor with the intention of re-vesting title in the grantor. This estoppel effects, in a sense, a transfer of the title. 14 Tex.Jur. 896.

■ Plaintiffs contend that the vendor's lien note was barred by limitation in 1940, but this would have been immaterial, first, because a conveyance of land, to be effective, did not have to be supported by a consideration, second, the debt, though barred, would have been a sufficient consideration for a conveyance, and third, there was evidence that the surrender of the deed to Farmer in 1940 was in satisfaction of indebtedness incurred in 1940.

■ Plaintiffs contend that defendants may not claim the benefit of estoppel because it was not pleaded. The defense of estoppel was available to defendants under their plea of not guilty. Silverman v. Harmon, Tex.Civ.App., 250 S.W. 206, writ dismissed, and other cases there cited.

The only witness who testified for defendants was J. D. Farmer, one of the partners composing the Farmer Commission Company, and, as a partner, one of the defendants in the suit. He testified at length concerning the agreement made with Higgs for a return of the deed in satisfaction of his indebtedness to the Commission Com-

pany. Plaintiffs charge that his testimony was erroneously admitted in violation of Article 3716, Vernon's Ann.Civ.St., prohibiting testimony of a party, in certain cases, concerning statements by or transactions with a deceased person. Defendants seek to support the admission of the testimony on three grounds.

■ First, they say that Article 3716 does not apply because Farmer was sued as a surviving partner. It is the rule, as asserted by defendants, that a suit by or against a surviving partner, where one of the partners has died, is not a case within the statute, but defendants' argument seems to overlook the fact that the suit in this case was brought by the heirs of W. F. Higgs, and that it was the latter fact which brought the case within Article 3716. It was immaterial that the case was against the surviving partners of the Commission Company, because the complaint here is not of testimony by a party concerning statements by or transactions with a deceased partner of said firm, but of testimony of a party to the suit concerning statements by and transactions with W. F. Higgs. The case clearly falls within the statute.

■ Second, defendants say that plaintiffs failed to make proper objection to the testimony of J. D. Farmer. We have given this contention careful study. Plaintiffs presented their objection only one time, and did not make any request of the court that their objection be considered as going to all similar testimony, as would have been the better practice; but in the light of the record before us, we are of the opinion that plaintiffs' objection was clearly put to the court, and that there is nothing in the record to indicate that the court would have sustained any subsequent objections to the same effect.

■ Third, defendants say that plaintiffs waived the objection by going into the matter more fully on cross-examination, and by bringing out the same matter in more detail, than was done on direct examination. We have also gone carefully into this contention, and believe that plaintiffs did no more on cross-examination than endeavor to develop the truth, which would not operate as a waiver of their objection to the direct testimony. 41 Tex.Jur. 904.

Except for the testimony of J. D. Farmer, there was no evidence that Higgs had redelivered the deed to the Commission Company with an intent to convey the title. Farmer's testimony was almost wholly concerned with the dealings with W. F. Higgs. After some preliminary testimony concerning dealings had before the year 1940, Farmer was questioned about the indebtedness incurred in 1940, and then was asked if there was any agreement made with Mr. Higgs with reference to paying it. Plaintiffs promptly objected on the ground that Article 3716 forbade such testimony. The statement of facts does not show any ruling expressly made by the court on the objection, but presumably he must have overruled it, because substantially the same question was again asked the witness and was answered, and there followed immediately a number of questions and answers concerning the details of the matter inquired about.

It is our opinion that the error presented is one of such importance as to call for a reversal of the judgment, and it is so ordered.

Reversed and remanded.