### HUTCHINS et al. v. BIRDSONG.

#### No. 6676.

Court of Civil Appeals of Texas. Texarkana.
March 19, 1953.

Rehearing Denied April 30, 1953.
Second Motion for Rehearing Denied
May 28, 1953.

B. Regan McLemore, Longview, for appellants.

Oscar B. Jones and Hurst & Burke, Longview, for appellee.

HALL, Chief Justice.

E. X. Birdsong, plaintiff below and appellee here, instituted this suit against Essie Lee Ward Hutchins and husband, Rufus Hutchins, defendants below and appellants here, to set aside or reform two warranty deeds, one from E. X. Birdsong and Amos Ward to B. E. Belitsky, and the other from B. E. Belitsky to Amos Ward, both deeds dated December 15, 1938, and duly filed of record. The grounds relied upon by appellee to set aside or reform said two deeds was for alleged fraud on the part of Belitsky, or mutual mistake of the parties to said deeds so as to include in the two deeds a reservation of an undivided one-half interest in the oil, gas and other minerals in and under the tract of land in controversy. The suit was filed in 1950. Appellants answered by plea in abatement for lack of necessary parties, and on the ground that appellee's cause of action was barred by the four years' statute of limitation. Trial was before the court without a jury which resulted in a judgment for Birdsong reforming the two deeds in question because of mutual mistake, namely, inserting in said deeds a clause reserving to appellee, Birdsong, an undivided one-half interest in the oil, gas and other minerals in said tract comprising 17 acres of land.

Points 1 and 2 brought forward by appellants concern the conclusions of law No. 4 and No. 5, filed by the trial court, which pertain to the plea in abatement of appellants based on the ground of four years' statute of limitation.

It is appellants' contention that the deed from appellee and Amos Ward to Belitsky and the deed from Belitsky to Amos Ward, in which two deeds no mention is made of a reservation of a one-half undivided mineral interest, and said deeds having been executed and of record for a period of some twelve years, the four years' statute of limitation bars any action on the part of appellee, Birdsong, to correct said deeds for either fraud or mutual mistake in leaving out of said deeds the mineral reservation. The property here in controversy was conveyed to Amos Ward on December 17, 1931. The cash consideration for that deed was paid by appellee, Birdsong, and the vendor's lien notes were made payable to him. At that time, and in 1938 when the two deeds here in controversy were executed, Amos Ward and Essie Lee were husband and wife. Amos Ward died in 1940, and before the filing of this suit Essie Lee had married Rufus Hutchins and they were husband and wife at the time of the trial of this cause in the lower court. There were no children born to Essie Lee and Amos Ward. Sometime before the two deeds here in controversy were executed, Belitsky, at the instance and on behalf of Amos Ward and wife, Essie Lee, contacted Birdsong, the holder of the notes against the property, with respect to paying same for Amos Ward and wife. An agreement was reached between Birdsong and Belitsky with respect to the payment of said notes and Belitsky was to have the proper papers drawn for this purpose. Belitsky was informed at the time of the conversation between him and Birdsong with respect to his paying off the notes for Amos Ward and wife, that Birdsong owned an undivided one-half mineral interest in the land which he had purchased from Amos Ward and wife shortly after they had received the deed to the property from Laura Gray in 1931. Birdsong testified that he told Belitsky on more than one occasion that he owned this undivided one-half mineral interest in the land and Belitsky said that he knew that fact and that it would be taken care of in the instruments to be prepared. The evidence further shows that Birdsong had nothing to do with the prep-

aration of the instruments in 1938 which failed to except his mineral interest. Birdsong testified that Belitsky informed him that the instruments took care of his mineral interest in the property. Birdsong, at the time he signed the instruments in attorney Whitehead's office, did not have his glasses and consequently did not read the deeds but relied on the statements of Belitsky that his mineral rights were in no wise affected. As stated, one deed was signed by Birdsong and Amos Ward conveying the property to Belitsky; and the other deed was signed by Belitsky, conveying the property to Amos Ward. In neither of said instruments was Birdsong's interest reserved to him. Both were straight warranty deeds conveying all the title. There is no contention here that Birdsong had any actual notice that his mineral interest was not reserved in the deed from him and Amos Ward to Belitsky. The only contention is that by the recording of said deed constructive notice was brought home to him of its contents and in law he was charged with notice that his mineral interest was not reserved in the deed from Birdsong and Ward to Belitsky, nor in the deed from Belitsky to Amos Ward. Birdsong's testimony is that nothing happened to call his attention to this property until a well was drilled in the vicinity of the land, at which time he made inquiry of an abstracter in Longview with respect to the drilling of the well, and the abstracter informed him of the terms of the deed from him and Amos Ward to Belitsky whereby the entire title of the property had been conveyed to Belitsky and by Belitsky to Amos Ward. This knowledge came to Birdsong in the early part of 1950 and within a short time, considerably less than a year, he instituted this suit in the district court of Gregg County.

■ The trial court's conclusion of law No. 4 is: "The court concludes as a matter of law, no duty was imposed upon E. X. Birdsong to make a search of the records of Gregg County, Texas, until he had such notice which would indicate to him that his mineral interest was affected by the conveyance from E. X. Birdsong to B. E. Belitsky." And conclusion of law No. 5

is: "The court concludes that, as a matter of law, the four year statute of limitation is not a defense to this suit, for that the suit was brought by E. X. Birdsong within four years after he discovered the defect in the deed." No issue of fraud is involved in this appeal, only the question of mutual mistake. The question presents itself immediately whether any duty rested upon Birdsong to examine the deed records of Gregg County to ascertain the contents of the deed from him and Amos Ward to Belitsky after same had been filed and recorded. It is held in Herd v. Wade, Tex. Civ.App., 63 S.W.2d 253, 258, writ refused: "The general rule is that the registry of an instrument conveying property is notice only to those bound to search for it, such as subsequent purchasers under the grantor in a deed." See also Udell v. Peak, 70 Tex. 547, 7 S.W. 786; Texas Osage Cooperative Royalty Pool v. Garcia, Tex.Civ. App., 176 S.W.2d 798 (writ refused, want of merit); American Freehold Land Mortgage Co. v. Pace, 23 Tex.Civ.App. 222, 56 S.W. 377 (writ refused); 36 Tex.Jur. 493, Sec. 58. As we construe the law applicable to the facts here, limitation began to run against Birdsong from the time he discovered the mistake or by the exercise of due diligence could have discovered it. Oldham v. Medearis, 90 Tex. 506, 39 S.W. 919; Mason v. University of the South, Tex. Civ.App., 212 S.W.2d 854 (writ refused, no reversible error); Luginbyhl v. Thompson, Tex.Civ.App., 11 S.W.2d 380 (writ dismissed).

The trial court found that Birdsong "did not discover that the deed from himself to Ben Belitsky affected his mineral interest until on or about March, 1950," and that "Birdsong after discovery of the fact that the deed affected his mineral rights, was diligent in bringing this suit and did so within less than two years after such discovery." This suit was filed in the court below April 22, 1950. The above findings of fact that Birdsong's cause of action for reformation for mutual mistake was not barred by the four years' statute of limitation find support in the record of this case and we are bound thereby. In Mason v. University of the South, supra [212 S.W.

2d 857], it is said: "As above stated, the question of diligence, or of negligence, with reference to the discovery of the mistake, is one of fact for the jury, or for the judge in a non-jury case." These points are overruled.

■ Appellants' point 3 is: "The court erred in overruling the plea in abatement filed by Essie Lee Ward Hutchins and husband for the reason that the Lone Star Producing Company, R. Lacy, Inc., and the other parties named in said plea of abatement are necessary and indispensable parties to this suit." The names of the parties not joined in the suit were stipulated and consisted of the owners of all of the tracts of land other than defendants (appellants) in the pool upon which the Lone Star Producing Company had its gas well. In the pleading upon which appellee went to trial is this allegation: "Plaintiff would further show unto this honorable court that the Lone Star Producing Company has an oil and gas lease covering said tract of land (here in controversy) and that this plaintiff does hereby ratify said oil and gas lease and obligates himself to be bound by the terms of said oil and gas lease. This plaintiff would further show unto this honorable court that a pooling agreement or unit, being known as unit or tract No. 6 in which 230.68 acres has been pooled for the purpose of complying with the rules of the Railroad Commission in the drilling of a well upon said unit. * * * This plaintiff disclaims any interest whatsoever, and is only claiming and asserting an undivided ½ mineral interest, subject to the above mentioned oil and gas lease. * * *" It is held in Sharpe v. Landowners Oil Ass'n, 127 Tex. 147, 92 S.W.2d 435, 436 (Com. App., opinion adopted by Sup.Ct.): "It is settled beyond all question in this state that in a suit to cancel a written instrument all persons whose rights, interests, or relations with or through the subject-matter of the suit will be affected by the cancellation are necessary parties." There could be no question of the applicability of this rule had the appellee omitted the ratification of appellants' lease to the Lone Star Producing Company set out above. In our opinion, the ratification filed by appellee made it unnec-

essary to make the other parties at interest in the unit parties to the litigation for the reason that under the ratification pleaded by appellee the litigation was narrowed down to a contest between him and appellants as respects the title to an undivided one-half of the minerals in and under the tract of land in controversy. By appellee's ratification of said lease he foreclosed his rights against any one owning land in the unit except appellants herein, and the rights of other parties to said unit are in no wise affected by the judgment in this case. U. S. Royalty Ass'n v. Stiles, Tex.Civ.App., 131 S.W.2d 1060 (writ dismissed, correct judgment). This point is overruled.

■ Appellants assert under their point 4 that the trial court erred in its findings of fact 9, 11 and 12, with respect to Belitsky acting as agent for appellant Essie Lee Ward Hutchins and her former husband, Amos Ward, resulting in the execution of the two deeds sought to be reformed by this action. This point raises a question as to the sufficiency of the evidence to support the above findings of the court. We have examined the record very carefully and in our opinion these findings of the trial court find support in the evidence and we are bound by them. It is not a question here whether we would have found as the trial court did had the facts been up to us for determination as the trier of the cause in the first instance; but the question is whether the facts as developed on the trial are sufficient to warrant the findings of the trial court so attacked. We have concluded that the facts support the issues involved, and for that reason this point is overruled.

The judgment of the trial court is affirmed.

## On Motion for Rehearing

Appellants have filed a vigorous motion for rehearing in which certain assertions are made by the writer, which, in his calmer moments he would not have indulged.

The burden of appellants' contention is that, under the facts in this case, appellee, grantor in the deed from him and Amos Ward to Belitsky, is charged, as a matter of law, with knowledge of the contents of the deed. They cite the cases of Kennedy

v. Brown, Tex.Civ.App., 113 S.W.2d 1018 (writ dismissed) and Kahanek v. Kahanek, Tex.Civ.App., 192 S.W.2d 174.

We have been requested by the appellants to discuss those two cases in relation to the facts of this case. Those cases hold that as a general rule a grantor is charged with knowledge of the provisions in his deed; and that limitation begins to run against any action by him to correct a mistake in his deed from the date of the execution and delivery of the instrument. We recognize that as being a general rule, but both of these cases cited above reveal that they each recognize an exception to that rule. This exception is clearly set out in the Kennedy case [113 S.W.2d 1020], as follows: "It is equally as well established by the authorities that in such cases limitation does not begin to run until the mistake is discovered or should have been discovered by the exercise of such diligence as would be exercised by a person of ordinary care and prudence." Citing cases. Great stress in those cases is laid upon the fact that the grantor in each case had the deed prepared and delivered to the grantee. And in the Kennedy case it is stated further: "It is neither alleged nor shown by the evidence that appellants did any act or thing which could be construed as an assurance to appellee [grantor] that the deed was written as contemplated by the contract [reserving the mineral interest] or that could have had the effect of *lulling appellee into a sense of security in reference to the matter*." (Italics ours.) We think that the above holding is also the holding of the court in the Kahanek case, which cites the Kennedy case as a basis for its holding. Thus it is clear that in the above cases had the facts shown that the grantees in the deeds involved in those cases had done any act or made statements which would have been sufficient to lull the grantor to sleep, then it seems to us that limitation under the exception set out above would not have begun to run against the grantor until they had discovered the mistake.

In applying the holdings in those cases to the facts of the case at bar, we find that appellee Birdsong was grantor in a technical sense only. The trial court found that Belitsky was acting as agent for Amos Ward and his wife, and that Belitsky as agent approached Birdsong at a pool hall, to pay off the notes held by Birdsong against the Wards' land. At the time Belitsky approached Birdsong, the latter not only held the vendor's lien notes against Amos Ward's land, but also in addition had purchased from Amos and wife one-half of the minerals in and under said tract of land. At the first conversation between Birdsong and Belitsky, Birdsong informed him that he owned one-half of the minerals under the land. Belitsky told him that he knew that. The preparation of the papers with respect to the transfer of the notes held by Birdsong to Belitsky was all in the hands of Belitsky, and they were prepared by Belitsky's attorney. Birdsong had nothing to do with the preparation of any papers, and when he came to sign the papers he inquired of Belitsky if his mineral rights were in any wise affected, and Belitsky told him, as on more than one occasion, that his mineral rights were not affected; that his (Belitsky's) lawyer had prepared the papers. Birdsong, it is true, did not read the deed because he did not have his glasses, and he relied implicitly on what Belitsky told him.

The trial court heard these facts and circumstances surrounding the transaction, and concluded that the evidence was sufficient to excuse Birdsong, a technical grantor in the deed to Belitsky, from the harsh rule that would charge him as a matter of law with knowledge of the contents of the deed he signed. It is our opinion that the evidence is sufficient to sustain the finding of the trial court with regard to tolling the statute of limitation in favor of Birdsong in respect to the Belitsky deed. The land was not in the East Texas Oil field but later became a part of a gas field (adjacent to the East Texas oil field). There was nothing to call his attention to the misrepresentations of Belitsky, that his mineral rights had been taken care of in the deed prepared by Belitsky's attorney, until Birdsong saw drilling operations in the vicinity of the land. The court finds upon undisputed testimony that Birdsong

immediately made inquiry of an abstracter and found the facts to be that the deed he had signed for Belitsky had failed to reserve his mineral interest in the tract of land, and he immediately instituted this suit to correct his deeds. Under such circumstances, and the findings of the trial court, we held in our original opinion that the judgment of the court was supported by sufficient evidence. This is still our conclusion. Therefore, the motion for rehearing is respectfully overruled.