Lillian E. PRUITT, Turner Pruitt, Kermit Pruitt, Leonidas Pruitt and Nan Pruitt Harris, Plaintiffs in Error,

v.

H. T. BURROW, B. B. Parr and J. B. Roberts, Defendants in Error.

No. 36838.

Supreme Court of Oklahoma.

Dec. 13, 1955.

all the oil, gas and other mineral rights in and under certain described land.

The land involved in the action was patented to Velma Leftwich, a 1/32 Chickasaw Indian, as a part of her surplus allotment. On September 18, 1910, she married Ernest A. Pruitt. She and her husband (Mr. Pruitt) on February 12, 1919, deeded the land in question by warranty deed to R. L. Lane, wherein all mineral rights were reserved to grantors, but said deed contained no words of grant to the husband.

The land in question was never occupied as a family homestead.

After the above conveyance, Velma and Ernest A. Pruitt were divorced (October 15, 1919), and in the property settlement no mention was made of the property involved in this controversy.

Prior to the death of Ernest A. Pruitt, his widow, Velma Pruitt, nee Leftwich, conveyed by her individual deed 1/2 of the mineral interest in the land in controversy, which deed was dated March 8, 1946, and on November 20, 1946, she conveyed another 1/4 of the mineral interest. The above deeds were made subject to any prior conveyances concerning the described lands. Also, on February 28, 1953, she conveyed the remaining 1/4 interest in the mineral rights in the land involved subject to prior conveyances. Prior to these conveyances, Velma had, on June 22, 1945, executed an oil and gas lease on all of the property involved.

Appellants claim a 1/2 interest in the mineral rights of the land in controversy as heirs of Ernest A. Pruitt. They contend that when the deed was made by Ernest A. Pruitt and his wife, Velma Pruitt, nee Leftwich, to R. L. Lane, wherein all mineral rights were reserved to the grantors therein, that he became the owner of 1/2 thereof, even though theretofore he had no interest in said property and such deed contained no words of grant to the husband (Ernest A. Pruitt).

Defendants in error (plaintiffs) appropriately state the crux of this lawsuit in their statement:

"There is but one question in this lawsuit. Did the deed from Velma

E. B. Anderson, Waurika, C. D. Cund, Duncan, for plaintiffs in error.

Charles E. Jackson, Pauls Valley, for defendants in error.

JOHNSON, Chief Justice.

The parties will be referred to as they appeared in the trial court.

The District Court of Garvin County, Oklahoma, by its judgment quieted title in plaintiffs (defendants in error) in and to

Pruitt and Ernest A. Pruitt of February 12, 1919, covering part of her surplus Indian allotment, wherein the oil, gas and other minerals were reserved to grantors, create any estate in Ernest A. Pruitt by reason of his joining in the execution of the deed with his wife?"

This question has been answered in the negative in the recent case of Leidig v. Hoopes, Okl., 288 P.2d 402.

The facts being essentially the same as in the Leidig case, and for the reasons stated in the Leidig case, supra, the judgment of the trial court is affirmed.