Annie McKEE, a Widow, et al., Appellants,

v.

C. W. DOUGLAS and Jesse O. Douglas, Appellees.

No. 7415.

Court of Civil Appeals of Texas.

Texarkana

Nov. 20, 1962.

Rehearing Denied Dec. 18, 1962.

Hollie McClain, Fulton & McClain, Gilmer, W. D. Brown, Quitman, for appellants.

Grover Sellers, Sulphur Springs, Turner, Rodgers, Winn, Scurlock & Terry, Dallas, for appellees.

FANNING, Justice.

This suit involves title to one-fourth of the mineral royalty interest under a 38½ acre tract of land in Wood County, Texas. This tract was owned by I. A. McKee as his separate property, he having acquired it about six years prior to his marriage to Mrs. Annie McKee, one of the appellants in this cause. In a warranty deed, dated December 30, 1946, signed by I. A. McKee and wife, Annie McKee, the 38½ acre tract was conveyed to C. W. Douglas and Jesse O. Douglas, the appellees herein. Contained in said deed was the following paragraph:

"The grantors herein as a further consideration herein do hereby reserve unto themselves, an undivided ¼th interest in and to all the royalty on all oil, gas and other minerals produced from said land described herein, together with the right of ingress and egress, with the understanding that the grantees herein shall have the right to lease said land for oil, gas and other minerals and collect the bonus or bonuses and all delay rentals under any such lease. Which interest shall be non-participating.

"It is understood that ½ of the royalty has heretofore been sold to G. D. Greer

and this deed is made subject to said sale."

On September 16, 1947, about 8½ months after execution and delivery of the warranty deed above referred to, I. A. McKee executed and delivered to C. W. Douglas and son, Jesse Douglas, the following quoted instrument, referred to as "affidavit":

' "I. A. McKEE  
    TO  
    THE PUBLIC

Affidavit  
Dated:    September 16th, 1947  
Filed:     September 16th, 1947  
Recorded: Vol. 302, pg. 449  
Deed Records, Wood County, Texas

#33718

AFFIDAVIT

' "THE STATE OF TEXAS }  
' "COUNTY OF WOOD    }

' "Before me, the undersigned authority, a Notary Public in and for Wood County, Texas, on this day personally appeared I. A. McKee, who after being duly sworn did depose and say:

' "That he is the same I. A. McKee, Grantor in deed dated Dec. 30, 1946, to C. W. Douglas and Jesse O. Douglas, said deed being recorded in Vol. 289, page 322, Deed Records, Wood County, Texas, in which deed said I. A. McKee reserved 1/4 interest in all royalty on oil, gas and other minerals in and under 38½ acres of the Oscar Engledow Survey in Wood County, Texas. That subsequent to the filing of said deed Affiant and Grantees in said deed have reached an agreement whereby the said I. A. McKee and wife, Annie McKee relinquish any and all claims to any part of the royalty, as described in said deed, and hereby declare the same to be the property of C. W. and Jesse O. Douglas, Grantees in said deed, and authorize the holder or holders of lease or leases on said land to pay the same to the said C. W. and Jesse O. Douglas, in full.

' "I. A. McKee

' "Subscribed and sworn to before me this 16th day of September, A. D. 1947.

' "C. C. Ferguson

(seal) ' "Notary Public in and for Wood County, Texas." '

---

Plaintiffs-appellants went to trial on their First Amended Original Petition, wherein they pleaded a count of trespass to try title, and alternatively pleaded that a mutual mistake was made in the instrument styled "affidavit" by all parties to said instrument alleging that the mistake was that instead of stating in said instrument that "the said I. A. McKee and Annie McKee relinquish any and all claims to any part of the royalty, as described in said deed * * * that the instrument should have read * * * relinquish any right or any and all claims to the rental payments." Plaintiffs-appellants in this connection also pleaded "that in truth and in fact, the plaintiff, Annie McKee's husband, and the defendants herein were mistaken and unaware of the language used in the instrument." Plaintiffs-appellants, among other things, also pleaded alternatively that if the affidavit should be construed as a conveyance

that the court should find that a constructive trust arose at the time of transfer, and that the defendants held the said interest in trust for plaintiffs.

Defendants responded to plaintiffs pleadings by pleading "not guilty", a general denial and specifically pleaded the four year statute of limitation.

The trial court granted the motion of defendants for an instructed verdict and rendered a take nothing judgment against the plaintiffs. Plaintiffs-appellants have appealed.

■ We hold that as a matter of law that Defendants' Exhibit No. 1, styled "Affidavit", and quoted above, was an instrument which conveyed title to the one-fourth royalty in the 38½ acre tract in question from I. A. McKee to C. W. Douglas and Jesse O. Douglas. See the following authorities: Richardson v. Levi, 67 Tex. 359, 3 S.W. 444; Threadgill v. Bickerstaff, 87 Tex. 520, 29 S.W. 757; Young v. Rudd, Tex.Civ.App., 226 S.W.2d 469, wr.ref., n.r.e.

In Richardson v. Levi, supra, it is stated:

"A release may be used to convey a title to one who has no previous right in land, and is in most states equivalent to the word 'quitclaim.'"

In Threadgill v. Bickerstaff, supra, it is stated:

"The transfer of this deed by Baker to Seaborn Bickerstaff, with the clause, 'hereby relinquish unto the said Seaborn Bickerstaff all the privileges thereunto belonging,' conveyed to the latter all the right of Hiram Baker in the land."

In Young v. Rudd, supra, it is stated:

"No particular form is required in this state to convey title to land. Leal v. Leal, Tex.Civ.App., 4 S.W.2d 985, affirmed by the Supreme Court in [Tex. Com.App.], 14 S.W.2d 797; Baker v. Wescott, 73 Tex. 129, 11 S.W. 157.

In Harlowe v. Hudgins, 84 Tex. 107, 19 S.W. 364, 365, it is said: 'No precise technical words are required to be used in creating a conveyance. The use of any words which amount to a present contract of bargain and sale is all sufficient. Whatever may be the inaccuracy of expression or the inaptness of the words used in an instrument, in a legal view, if the intention to pass the title can be discovered, the courts will give effect to it, and construe the words accordingly.'"

Therefore appellants' fourth point is overruled and appellees' counterpoint two in reply thereto is sustained.

■ We further hold that under this record plaintiffs-appellants' alternative plea seeking to avoid the effect of the "affidavit" or quit-claim deed (Defendants' Exhibit 1) by virtue of an alleged mutual mistake was barred by Art. 5529, Vernon's Ann.Civ.St., the four year statute of limitation. See the following authorities: Hogan v. Price, Tex.Civ.App., 274 S.W.2d 745, 746, wr. ref. n.r.e.; La Neve v. Hinkson, Tex.Civ.App., 271 S.W.2d 467, wr. ref., n.r.e.; Hutchins v. Birdsong, Tex.Civ. App., 258 S.W.2d 218, wr. ref., n.r.e.; Kahanek v. Kahanek, Tex.Civ.App., 192 S. W.2d 174.

In Hogan v. Price, supra, it is stated:

"Applicable to the disposition of this limitation plea, sustained by the learned trial court, is the rule stated in Kahanek v. Kahanek, Tex.Civ.App., 192 S.W.2d 174, 176, with authorities there collated, namely: 'It is also settled that a distinction has been written into our Texas law under that statute, based upon whether the party seeking to correct the mistake is the grantor or the grantee; the rule being that if such actor be the grantor, then he is charged, as a matter of law, with knowledge of the contents of his deed from the date of its execution, and limitation begins to run against his action to correct it

from that date.' See also Hutchins v. Birdsong, Tex.Civ.App., 258 S.W.2d 218. *As the sole heirs and devisees of Hogan, the appellants stand in his shoes in the application of this rule.*" (Emphasis added.)

In La Neve v. Hinkson, supra, it is stated:

"As a general proposition, one who executes an instrument is charged with knowledge of its contents and limitations begin to run from the time of its execution and one who acquires title to land by a deed is charged with notice of all instruments included in his chain of title, and the statute of limitation begins to run from the time he acquired title. Kennedy v. Brown, Tex. Civ.App., 113 S.W.2d 1018; Kahanek v. Kahanek, Tex.Civ.App., 192 S.W.2d 174. It is also well settled, however, that where the grantee, in an instrument in which land was included by mutual mistake of the parties, had said or done anything which would lull the grantor to sleep, limitation will not begin to run against the grantor until he discovers, or should have discovered, the mistake. Hutchins v. Birdsong, Tex.Civ.App., 258 S.W.2d 218, 222 (RNRE)."

\* \* \* \* \* \*

"\* \* \* Appellant has failed to show that she was lulled to sleep by the lessee in the questioned oil and gas lease, or by anyone representing him. If the fact of being misled by the joint lessors Hinkson and Dalton should be held to excuse appellant from discovering the alleged mistake, she has also failed to make such showing concerning them. She has failed to bring herself within the exception of the rule in the case of Hutchins v. Birdsong, supra, so as to prevent the running of the statute of limitation."

Also in order to reform a deed for mutual mistake, the mistake must have been made by all parties to the instrument, 36 Tex.Jur., 746, 747; Tunnell v. Neill, Tex.Civ.App., 33 S.W.2d 530, it being the law that a unilateral mistake is not ground for affording relief to the party who was mistaken wherein the other party in no way induced it (36 Tex.Jur. p. 750), with the complaining party or parties not relying upon fraud or relying upon acts of the opposing party in "lulling the complaining party or parties to sleep" before the limitation period expired.

It was on December 30, 1946, when I. A. McKee executed the deed to the Douglases in which the one-fourth royalty interest was reserved or excepted from the grant. Mrs. McKee joined as a grantor in that instrument, the property however being the separate property of her husband, I. A. McKee.

Also it is undisputed from evidence in the record that this tract constituted no part of the homestead of I. A. McKee and wife Annie McKee. Their homestead was a 65 acre tract upon which they lived about 12 or 14 miles from the 38½ acre tract. The undisputed evidence shows that the 38½ acres had been rented out and had never been used at any time as a part of the homestead. In this connection see Vaughn v. Vaughn, Tex.Civ.App., 279 S.W. 2d 427, wr. ref., n. r. e., and authorities cited therein.

The only way in which Mrs. McKee could have had any interest whatever in the property would have been for the subsequent quitclaim deed (affidavit) not to have been executed and delivered and for her to have inherited a portion of this royalty interest as an heir upon her husband's death intestate. In such event she would have held as an heir of her husband and would have been charged with his knowledge of the affidavit or quitclaim deed executed on September 16, 1947, and would have stood in his shoes.

I. A. McKee died on November 28, 1957, more than ten years after the affidavit or

quitclaim deed was executed by him and he never in his lifetime brought suit to set aside or reform such instrument. There is no evidence in the record that C. W. Douglas or Jesse Douglas were guilty of any fraudulent or unconscionable conduct in the securing of said quitclaim deed and there is no evidence tending to show that C. W. Douglas or Jesse Douglas ever did anything during I. A. McKee's lifetime to "lull him to sleep" with respect to any mistake in the deed alleged to have been made. At the time of the death of I. A. McKee, under this record, any right he might have had for reformation of the affidavit or quitclaim deed was clearly already barred by the four year statute of limitation.

I. A. McKee died intestate. He had no children and had not adopted any children. His heirs at law were his wife, Annie McKee, and his brothers and sisters and children of a deceased brother, and such heirs are parties appellants to this suit.

The suit in the case at bar was not brought until August 7, 1960, by the heirs at law I. A. McKee, appellants herein. Appellants testified to the effect that they did not discover the affidavit until about July, 1960, that some of them and others had a conversation or conversations in July, 1960, with Mr. C. W. Douglas, wherein he told them to the effect that he was not claiming the one-fourth royalty in question and that he would execute a deed if his son, Jesse, would do so first and made other statements as shown in the record. However, there is no evidence that Jesse Douglas ever made the statements that appellants' witnesses testified that his father made and Jesse Douglas refused to sign a deed to the McKees. Also the father C. W. Douglas never signed a deed to the McKees. As we view it, the statements testified by appellants' witnesses to have been made by Mr. Douglas, in July, 1960, do not show any fraud or unconscionable conduct on the part of Mr. C. W. Douglas in connection with the securing of the quitclaim deed. Furthermore, at that time in July,

1960, the four year statute of limitation had already run against I. A. McKee, and neither of the Douglases had "lulled I. A. McKee to sleep" during McKee's lifetime. Since the cause of action had long since been barred by the four year statute of limitation before I. A. McKee died, and before July, 1960, it can not be logically held that whatever Mr. Douglas may have said to the McKees or others in July, 1960, would have "lulled the appellants to sleep", since they promptly brought their suit on August 7, 1960, long after the suit was barred.

Since plaintiffs-appellants herein are heirs at law of I. A. McKee, and since the suit was barred by the four year statute of limitation, long prior to Mr. McKee's death, such heirs stand in I. A. McKee's shoes and hence are barred by the four year statute of limitation to bring this suit.

The cases of Biggs v. Poling, Tex.Civ. App., 134 S.W.2d 801 wr. dism. judgm. cor., and McGowen v. Montgomery, Tex. Civ.App., 248 S.W.2d 789, cited by appellants, are not applicable to the case at bar because in those cases the title was shown to have been acquired in a wrongful or unconscientious manner and such is not the case in the case at bar here. Also the case of Miles v. Martin, 159 Tex. 336, 344, 321 S.W.2d 62, 70 is clearly distinguishable and is in no way applicable here, as under the facts in that case, the Supreme Court stated: " * * * and the evidence showing that he was paid one-fourth of the delay rentals for about five years indicates that there may be an issue of fact * * *."

■ Appellants by their second point contend to the effect that the deed from I. A. McKee and Annie McKee to the Douglases which reserved the 1/4th royalty interest passed title to Annie McKee in her own individual right and that she had never signed an instrument conveying the interest to appellees. This point is clearly without merit under this record and is overruled. See the following authorities: Leidig et

al. v. Hoopes, Okl., 288 P.2d 402; Pruett et al. v. Burrow et al., Okl., 291 P.2d 349; Art. 1288, Vernon's Ann.Civ.St.

The 38½ acres was the separate property of I. A. McKee, it was not homestead, and Mrs. McKee had no character of interest or title in said tract. Her joinder in the conveyance to the Douglases was unnecessary. The reservation or exception of the royalty interest in the deed could inure only to the benefit of the owner, I. A. McKee. Such reservation or exception did not amount to a gift to Mrs. McKee of a portion of such excepted or reserved royalty interest. The only way for I. A. McKee to have made a gift to Mrs. McKee of an interest in his separate property would have been by the execution of a deed. See Art. 1288, V.A.C.S. Also see 27 Tex.Jur.2d Gift, Sec. 30, wherein it is stated: "The only method of concurrently giving an estate in land and perfecting the gift is by a deed conveying the property to the donee." Since I. A. McKee never executed such a deed to Mrs. McKee she never acquired any interest in the royalty in question by gift or in any other manner under the facts in this case.

We hold that under this record the trial court correctly instructed a verdict in favor of defendants against plaintiffs. Appellants' first point is overruled.

By their third point appellants contend that the trial court erred in not allowing appellants to swear to their petition and introducing testimony to show that no consideration was paid for the one-fourth royalty interest. Appellees counter this point stating to the effect that the request came to the trial court at a time after all parties had closed their case and rested, and after argument made on defendants' motion for instructed verdict, and after the trial court had announced that he would sustain such motion and enter judgment for defendants, and contending that the trial court did not abuse his discretion in refusing such request, and contending further that the error, if any, was not reversible error.

It is well settled law in this state that consideration for a deed is not required. 14B Tex.Jur., p. 488, Sec. 5; Baxter v. Beaupre, Tex.Civ.App., 295 S.W.2d 718; Higgs v. Farmer, Tex.Civ.App., 234 S.W.2d 1021.

Even if the lack of consideration had been proven it would not have defeated appellees' unquestioned right to an instructed verdict by reason of appellants' cause of action being barred by the four year statute of limitation. Since the proof of no consideration would not have defeated appellees' motion for instructed verdict on the four year statute of limitation matter, the failure of the trial court to allow the belated swearing to plaintiffs' pleading so that evidence of "no consideration" for the quitclaim deed could have been introduced in evidence, would not constitute reversible error in any event under this record. See Barclay v. Falvey, Tex.Civ. App., 110 S.W.2d 791, wr. ref., wherein it was stated:

"But, had the court received all the testimony tendered by appellant, she would not have made out a case for the jury against appellees' plea of four years' limitation. She rested under the burden of going forward with her tender of evidence to the extent of showing not only the right of reformation, but also that this right was not barred by limitation. * * *. Had the court received all the testimony offered by appellant, and nothing more, appellees would have been entitled to their instructed verdict, because, as a matter of law, their plea of limitation would have been good. To complain of the exclusion of her proffered testimony, she was required to show injury, and she could show injury only by tendering testimony sufficient to toll the running of the statute of limitation, * * *."

The judgment of the trial court is affirmed.

DAVIS, Justice (dissenting).

The following was written to be the opinion of the court. I file it, with alterations and some additions, as my dissent.

This is a trespass to try title suit with an alternative plea that in the event the trial court held that a certain affidavit executed by I. A. McKee, now deceased, to be an instrument of conveyance, then, and in the event the interest purportedly conveyed was mistakenly designated as a "royalty" interest; and, further in the alternative, that there was no consideration paid for the royalty interest and that the appellees never claimed the royalty interest; and, since the affidavit used the word "royalty", that a constructive trust arose.

On December 30, 1946, I. A. McKee, now deceased, and wife, Annie McKee, sold to appellees C. W. Douglas and Jesse O. Douglas 38½ acres of land in Wood County, Texas, and reserved unto themselves an undivided one-fourth non-participating royalty in and to the tract of land. The reservation reads as follows:

"The grantors herein as a further consideration herein do hereby reserve unto themselves, an undivided ¼th interest in and to all the royalty on all oil, gas, and other minerals produced from said land described herein, together with the right of ingress and egress, with the understanding that the grantees herein shall have the right to lease said land for oil, gas and other minerals and collect the bonus or bonuses and all delay rentals under any such lease. Which interest shall be non-participating.

"It is understood that ½ of the Royalty has heretofore been sold to G. D. Greer and this Deed is made subject to said sale."

There was no proof as to whether or not the sale of the ½ royalty interest sold to Greer was participating or non-participating.

The 38½ acre tract of land was the separate property of I. A. McKee. The property was conveyed to I. A. McKee on October 25, 1930, prior to his marriage to Annie McKee.

On August 27, 1942, I. A. McKee and wife, Annie McKee, executed an oil, gas and mineral lease for a 10 year period. Prior to September 16, 1947, I. A. McKee and wife, Annie McKee, received a rental payment on the land under the oil and gas lease. The royalty reservation by the McKees, being non-participating, they cashed the check and delivered the money to C. W. and Jesse O. Douglas. I. A. McKee advised them that an instrument should be prepared so that in the future the *rental* payments would be sent directly to the Douglases. An affidavit was prepared by a scrivener—not a lawyer—and was signed by I. A. McKee before a notary public. The Affidavit reads as follows:

‘ "AFFIDAVIT

‘ "THE STATE OF TEXAS ⎱
‘ "COUNTY OF WOOD ⎰

‘ "Before me, the undersigned authority, a Notary Public in and for Wood County, Texas, on this day personally appeared I. A. McKee, who after being duly sworn did depose and say:

‘ "That he is the same I. A. McKee, Grantor in deed dated Dec. 30, 1946, to C. W. and Jessee O. Douglas, said deed being recorded in Vol. 289, page 322, Deed Records, Wood County, Texas, in which deed said I. A. McKee reserved ¼ interest in all royalty on oil, gas, and other minerals in and under 38½ acres of the Oscar Engledow Survey in Wood County, Texas. That subsequent to the filing of said deed Affiant and Grantees in said deed have reached an agreement whereby the said I. A. McKee and wife Annie McKee relinquish any and all claims to any part of the royalty, as described in said deed, and hereby declare the

same to be the property of C. W. and Jesse*e* O. Douglas, Grantees in said deed, and authorize the holder or holders of lease or leases on said land to pay the same to the said C. W. and Jesse*e* O. Douglas, in full.

' "I. A. McKee

' "Subscribed and sworn to before me this 16th day of September, A. D. 1947.

' "C. C. Ferguson

Notary Public in and for Wood County, Texas." '

The McKees did not have or adopt any children. I. A. McKee died Nov. 28, 1957, intestate. The suit was filed by Annie McKee, a widow, Jack McKee, M. J. B. McKee, T. R. McKee, Keith McKee, Maggie Newsom, a widow, Juanita Bailey and husband, W. E. Bailey, Mary McKee Huffman and husband, W. F. Huffman, and Winnie Young, a widow, surviving brothers and sisters, and a niece and nephew of I. A. McKee, against C. W. Douglas and Jesse O. Douglas. The defendants answered by a plea of not guilty and specially plead the statutes of limitations.

Trial of the case was to a jury, and upon completion of the evidence the trial court instructed the jury to return a verdict in favor of the defendants. Appellants bring forward four points of error.

By their point 1, appellants complain of the action of the trial court for instructing a verdict against the appellants. It is the duty of this court to review the record with all the evidence in the case that is relevant to the issues and consider them in the light most favorable to the appellants, disregarding all conflicts and indulge in every intendment reasonably deducible from the evidence in favor of the appellants. City of Houston et al. v. Chapman, 132 Tex. 443, 123 S.W.2d 652; Anglin v. Cisco Mortg. Loan Co., 135 Tex. 188, 141 S.W.2d 935; Wellington Oil Co. of Delaware v. Maffi, 136 Tex. 201, 150 S.W.2d 60.

According to the evidence, Mrs. McKee went to see C. W. Douglas in July of 1960. She talked to him about the royalty interest, and he admitted to her that they had reserved one-fourth royalty interest in and to the land at the time of the sale. C. W. Douglas told Mrs. McKee that he would sign an instrument acknowledging the fact that the 1/4th royalty interest was reserved, and expressed a hope that she would be luckier than they were because royalty was slightly higher at that time. He further advised that he would sign an instrument acknowledging that the 1/4th royalty interest was reserved provided his son, Jesse Douglas, would sign the same. She further asked about the affidavit and the use of the word 'royalty' instead of the word 'rental' in the same. It seemed Mr. Douglas did not know anything about it. When Mrs. McKee returned with an instrument to correct the affidavit, C. W. Douglas suggested that she leave the instrument with him and he would get in contact with his son, Jesse. They later refused to sign the same.

The appellees take the position that the appellants have been overcome by the statute of limitations by not taking action sooner. The appellants base their claim upon the case of Biggs v. Poling et al., Tex.Civ.App., 134 S.W.2d 801, err. dism., judgment correct. The facts in that case show that there was a mistake made in a royalty deed as to the amount of the royalty interest conveyed. The heirs of the original owner were not barred after 13 years by the statute of limitations from reforming the instrument to speak the true intent of the parties. Mrs. McKee did not know about the contents of the affidavit until July of 1960. At this time she learned for the first time about the affidavit being recorded. She immediately began proceedings to try to get the affidavit corrected to speak the truth. She knew the word 'royalty' should have been 'rental'. She filed her suit on May 18, 1961. Until July, 1960, after the affidavit was signed, she remained ignorant of her rights, and no limitation ran against her. McGowen v. Montgomery,

Tex.Civ.App., 248 S.W.2d 789, N.W.H. Under such circumstances, and against such a mistake of law, equity will grant relief by way of re-formation if the circumstances otherwise warrant an exercise of its power. Miles v. Martin, 159 Tex. 336, 321 S.W.2d 62. I would sustain the point of error.

By their Point 2, appellants say the court erred in granting an instructed verdict because the deed which reserved the ¼th royalty interest to the grantors passed title to the appellant, Annie McKee, in her own individual right, and she has never filed an instrument conveying the interest to the appellees. There is no pleading or evidence in the record to support a gift from I. A. McKee of any of his separate property to Annie McKee. It seems that she merely signed the deed as a matter of form. Under the pleadings and the evidence in the case, the point of error is without merit and should be overruled. Leidig et al. v. Hoopes et al., Okl., 288 P.2d 402; Pruett et al. v. Burrow et al., Okl., 291 P. 2d 349.

By their third point, the appellants say the trial court erred in not allowing them to swear to their petition and to introduce testimony to show that no consideration was paid by the appellees for the ¼th undivided royalty interest at the time of the signing of the affidavit. It was stipulated at the beginning of the trial that the plaintiffs could file a general denial and a special denial to the last pleadings filed by the defendant. The appellees did not file any exceptions to the pleading on the grounds that they were not sworn to, and objected to the offer of testimony showing that no consideration was paid at the time of the execution of the affidavit. Ramsey v. Cook, Tex.Civ.App., 231 S.W.2d 734, N.W.H. The appellants had affirmatively plead that no consideration was paid. They did not swear to their petition. It seems that under Rule 93 Vernon's Ann.Tex.Rules Civ.Proc. a *denial* of an allegation in the plaintiff's petition that is founded upon a written instrument must be under oath. It seems that the only provision of the rule upon which the trial court could have assumed the necessity of swearing to the petition is Sec. (j) of Rule 93, which reads as follows: "That a written instrument *upon which a pleading is founded* is without consideration, or that the consideration of the same has failed in whole or in part." (Emphasis added). Later in Rule 93 under an unnumbered paragraph it reads in part as follows: "Any such *denial* may be made in original or in amended pleading; * * *". (Emphasis added). The appellants' pleadings do not seem to be an instance contemplated by Rule 93. Under the theory of a suit in the nature of a trespass to try title, the pleadings would not come under the rule. The alternative pleading that a constructive trust arose, in the event the court held that the affidavit was an instrument of conveyance, does not come under the rule. Barnard v. Blum, 69 Tex. 608, 7 S. W. 98.

The appellants offered to amend their pleading by swearing to the petition at that time. The trial court refused the offer. This was error. In re Laughlin, 153 Tex. 183, 265 S.W.2d 805; Westinghouse Electrical Corp. v. Pierce, 153 Tex. 527, 271 S.W.2d 422. I would sustain the point.

By their Point 4, the appellants say the trial court erred in holding that the affidavit was an instrument of conveyance. The affidavit is quoted in full hereinabove. As one studies the affidavit carefully it can readily be seen that the scrivener, not being a lawyer, could have erroneously used the word "royalty" instead of the word "rentals". If the trial court believed the affidavit to be an instrument of conveyance, the appellants should have been permitted to submit a special issue to the jury for a finding of fact as to whether or not the word "rental" should have been substituted in the affidavit for the word "royalty". For a related factual situation, see Harris v. Windsor, 156 Tex. 324, 294 S.W.2d 798. I would sustain the point.

**880**

As I view the record, two grown men are being permitted to steal an undivided one-fourth royalty interest in and to 38½ acres of land from a widow-woman and the next of kith and kin of her deceased husband. The affidavit, which was prepared by someone other than a lawyer, has been held to be an instrument of conveyance. According to the record, the one-fourth of the royalty was *reserved*. The grantors later received a rental payment. They cashed the check and gave the money to the grantees. Mr. McKee suggested that an instrument be fixed up so the future *rentals* would be paid to the grantees. Fanning refers to the affidavit as a Quitclaim Deed and an instrument of conveyance. Anyone with intelligence enough to pour water out of a boot, with the toe cut out, and the directions on the heel, would know that the affidavit is not a Quitclaim Deed or an instrument of conveyance of a one-fourth royalty interest; but was intended to refer to the *rentals*. This is another reason why an instrument such as the affidavit prepared by a person, other than a lawyer, should not be permitted to be offered in evidence. The law should require an instrument pertaining to the title to real estate be prepared by a lawyer, or that it bear the certificate of a lawyer as to its intent and purpose. The jury twice refused to return the instructed verdict. If it had been permitted to return a verdict of its own choosing, it would probably have been in favor of the appellants.

The affidavit was offered into evidence by the appellees as "what they believed to be a Quitclaim Deed". Under objections by appellants, the affidavit was, under instructions by the trial court, referred to as "an instrument". Appellees offered the same into evidence, without any reservations, and they are bound by everything it says, including the fact that it does not show that any money or thing of value was given therefor. Lock et al. v. Morris et al., Tex.Civ.App., 287 S.W.2d 500, w. r., n. r. e.

If the affidavit had been intended to be a Quitclaim Deed, or an instrument of conveyance, it should have so stated.

I would reverse and remand the case for a new trial.